OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified and the matter remitted to the Ulster County Court for a new trial in accordance with this memorandum and, as so modified, affirmed.
Defendant, the proprietor of a second-hand goods shop, was convicted of two counts of criminal possession of stolen property in the second degree. The conviction arose out of defendant’s purchase of previously stolen goods from a police agent. The Appellate Division modified by reducing the conviction to two counts of attempted criminal possession of stolen property in the second degree. Both defendant and the People were granted leave to appeal to this court.
Police had suspected that defendant was operating as a “fence” for stolen goods. On August 13,1980, a police agent entered defendant’s shop and sold him items police had recovered from prior burglaries. Defendant explained the purchase as made in response to an antique dealer’s request to recover items taken from his store in a recent burglary, if they became available.
At trial, during the prosecution’s case, defense counsel inexplicably announced, “Your honor, for the record I raise the defense of entrapment at this point.” Counsel never again referred to the matter. In response to the asserted defense, the prosecution offered the testimony of three witnesses that defendant had knowingly received stolen goods from them in the past.
Defendant argues on his appeal that he was deprived of effective assistance of counsel (see US Const, 6th Arndt; NY Const, art I, § 6). In reviewing claims of ineffective assistance of counsel care should be taken “to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis” (People v Baldi, 54 NY2d 137, 146-147). A review of the record in this case indicates that rather than undertaking “a misguided though reasonably plausible strategy deci *865 sion” (People v Bell, 48 NY2d 933, 935), defense counsel embarked on an inexplicably prejudicial course.
The affirmative defense of entrapment was totally at odds with defendant’s explanation that he had willingly received the goods from the police agent inasmuch as the defense of entrapment is available only to defendants who were “induced or encouraged” to commit the charged crime (Penal Law, § 40.05). Moreover, defendant’s predisposition to commit the crime having been brought into issue, the prosecution was able to introduce highly damaging evidence. In addition, the damage to defendant’s case was exacerbated by other conduct of counsel, including his repeated eliciting of damaging evidence when cross-examining prosecution witnesses. Viewed in its entirety, the record demonstrates that defendant was not “provided meaningful representation” (People v Baldi, 54 NY2d 137, 147, supra).
The (People argue on their appeal that the Appellate Division erred in holding that it was legally impossible for defendant to have committed the crime for which he was convicted and in reducing defendant’s conviction to attempted criminal possession of stolen property. This court finds no error in this regard. On retrial, therefore, defendant may only be retried for attempted criminal possession of stolen goods. At common law, goods once stolen but recovered and used by police for a subsequent sale were held to be no longer stolen, and a person who then received the goods could not be prosecuted for either receiving or attempting to receive stolen goods (see People v Jaffe, 185 NY 497). The Legislature has restricted this result by disallowing legal impossibility as a defense to a charge of attempt of a crime (see Penal Law, § 110.10). Although the goods sold to defendant were burglary proceeds, upon their recovery by police they lost their taint which thereby made it legally impossible for defendant to possess stolen property. It is irrelevant that, at the time of the sale to defendant, the true owners of the property had not been located; from the time of recovery, the police were, in effect, agents of the rightful owners holding the property on their behalf (see Penal Law, § 450.10).
*866 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur in memorandum.
Order modified, etc.