■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRINGTON LINDO, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Golia, J.), rendered May 28, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court dated July 26, 1989, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that the appeal from the order is dismissed in light of our determination on the appeal from the judgment. No questions of fact have been raised or considered.

On appeal, the defendant contends that he was deprived of the effective assistance of trial counsel. We agree. It has been consistently recognized that "[w]hat constitutes effective assistance [of counsel] is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" *(People v Baldi,* 54 NY2d 137, 146). Although the courts have been reluctant to brand an attorney's performance as ineffective when the course of conduct complained of can be characterized as mere losing tactics or strategy *(see, People v Zaborski,* 59 NY2d 863), in the case at bar, defense counsel's errors cannot be construed as a "misguided though reasonably plausible [defense] strategy" *(People v Bell,* 48 NY2d 933, 935). The errors here were sufficiently serious to have deprived the defendant of a fair trial.

The record shows that during the course of the trial, defense counsel opened the door to unduly prejudicial information

which would have otherwise been inadmissible, including a prior arrest for possession of marihuana which had been excluded by the court's prior *Sandoval* ruling *(see, People v Wiley,* 120 AD2d 66; *People v Ofunniyin,* 114 AD2d 1045); delivered a cursory summation, mostly dwelling on the defendant's prior criminal record *(see, People v Winston,* 134 AD2d 546); failed to object to an erroneous jury charge and to inflammatory comments made by the prosecutor *(see, People v Simmons,* 110 AD2d 666); and failed to adequately prepare for trial *(see, People v Droz,* 39 NY2d 457).

While the various errors committed by defense counsel, considered separately, may not have constituted ineffective assistance of trial counsel, their cumulative effect was to deprive the defendant of meaningful representation in a case where the evidence of guilt was not overwhelming. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.