■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN WRIGHT, Appellant. [619 NYS2d 80] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered December 1, 1987, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (seven counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of 15 counts of criminal sale and possession of a controlled substance for selling cocaine, along with a codefendant (see, People v Simms, 176 AD2d 833), to an undercover officer on several different dates. On appeal,

the defendant contends that the People's evidence of the September 17, 1985, sale was legally insufficient. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence showed that the defendant's accomplice, after trying unsuccessfully to find cocaine inside the building to sell to the officer, told him that he had to talk to someone outside and returned with the defendant. The defendant accompanied the accomplice into and out of an apartment, after which the accomplice sold the officer a tinfoil packet of cocaine. When the officer told the accomplice he might like to purchase more cocaine, the accomplice pointed to the defendant and said "that's the man to see". From this evidence, the jury could reasonably infer that the defendant was not merely present at the scene but had supplied the accomplice with the cocaine. Contrary to the defendant's contention, the trial court properly admitted the accomplice's statements into evidence, since they were not offered for their truth but to explain the sequence of events and how the defendant became involved in the transaction *(see, People v Salko,* 47 NY2d 230, 239-240; *People v Jordan,* 201 AD2d 961). Moreover, at the request of the defense counsel, the trial court instructed the jury during the officer's testimony that the jury was not to consider the testimony of the officer with respect to what the accomplice said for the truthfulness of the statements. The court stated "[t]hat testimony is put before you so that you can better understand the sequence of events that occurred between the officer and [the defendant]." The defense counsel did not object to this instruction. Furthermore, in its final charge, the trial court reiterated the limitations that the jury was to put upon this testimony, and the defense counsel made no objection to the charge.

The defendant makes the additional argument that the court's adverse inference charge erroneously exceeded the statutory language of CPL 300.10 (2) and thereby violated his right against self-incrimination by emphasizing his silence. However, the defendant's claim is unpreserved for appellate review, since he did not ask the court to limit the charge to the statutory language and raised no exception to the charge as given. Since the charge did not "unambiguously convey * * * to the jury that the defendant should have testified", it did not fall within the exception to the preservation rule *(People v Autry,* 75 NY2d 836, 839), and we decline to reach the claim in the exercise of our interest of justice jurisdiction.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.