■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL THOMAS, Appellant. [733 NYS2d 231] —Appeal by the defendant from a judgment of the County Court, Suffolk

County (Ohlig, J.), rendered May 28, 1998, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the letter he wrote to his wife was properly admitted into evidence. The defendant composed the letter in the presence of the complainant, his 13-year-old stepdaughter, and left it in plain view on the dining room table. Under these circumstances, the defendant may not avail himself of the protection of the marital privilege (*see,* CPLR 4502 [b]; CPL 60.10; *Wolfle v United States,* 291 US 7, 14; *Matter of Vanderbilt,* 57 NY2d 66, 73; *People v Smith,* 124 AD2d 757).

With regard to the admissibility of the police information questionnaire contained in the New York State Sexual Assault Evidence Collection Kit, the statements concerning the details of the rape made by the complainant to the nurse who completed the questionnaire should not have been admitted into evidence under the business record exception to the hearsay rule (*see, Johnson v Lutz,* 253 NY 124; *People v Dyer,* 128 AD2d 719). Reversal is not mandated, however, because the error was harmless (*see, People v Rice,* 75 NY2d 929; *People v Painter,* 221 AD2d 481; *People v Ranum,* 122 AD2d 959).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.