■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO CORTEZ, Appellant. [741 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered May 26, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

"Where the evidence, the law and the circumstances of a particular case, viewed together and as of the time of representation, reveal that meaningful representation was provided, [a] defendant's constitutional right to the effective assistance of counsel has been satisfied" (*People v Satterfield,* 66 NY2d 796, 798-799). A defendant is not guaranteed a perfect trial, but is entitled to a fair trial. Thus, to prevail on a claim of ineffective

assistance of counsel, a defendant must demonstrate that he or she was deprived of a fair trial by less than meaningful representation; mere disagreement with strategies or tactics will not suffice (*see People v Benn,* 68 NY2d 941, 942; *People v Satterfield, supra*).

The defendant correctly contends that the defense counsel's deficient representation deprived him of a fair trial. A portion of the defendant's claim is based on matter dehors the record. As to that part of his claim that is reviewable, the record demonstrates that counsel did not provide meaningful representation. Among the deficiencies in counsel's performance were her lack of familiarity with the rules of evidence, her failure to review *Rosario* material (*see People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), her inability to effectively cross-examine the People's witnesses, her solicitation of inadmissible identification testimony during cross-examination of a detective and her failure to object when further testimony was elicited from the detective on redirect, and her misstatement in summation that a witness had made an in-court identification of the defendant when he had not, in fact, done so. While no single error on counsel's part would constitute ineffective assistance of counsel, the cumulative effect of these errors deprived the defendant of meaningful representation (*see People v Zaborski,* 59 NY2d 863, 865; *People v Lindo,* 167 AD2d 558, 559).

In light of our determination, it is unnecessary to address the defendant's remaining contention. Santucci, J.P., Altman, Townes and Crane, JJ., concur. [Recalled and vacated 296 AD2d — (July 8, 2002).]