■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO CORTEZ, Appellant. [745 NYS2d 467] —Motion by the appellant to amend the decision and order of this Court, dated April 1, 2002, which determined an appeal from a judgment of the Supreme Court, Kings County, dated May 26, 1998, in the above-entitled action, to provide that the new trial directed by this Court be preceded by a new suppression hearing.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the motion is granted, and the decision and order of this Court in the above-entitled action dated April 1, 2002 (293 AD2d 485), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered May 26, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, *to be preceded by a new suppression hearing*.

"Where the evidence, the law and the circumstances of a particular case, viewed together and as of the time of representation, reveal that meaningful representation was provided, [a] defendant's constitutional right to the effective assistance of counsel has been satisfied" (*People v Satterfield,* 66 NY2d 796, 798-799). A defendant is not guaranteed a perfect trial, but is entitled to a fair trial. Thus, to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that he or she was deprived of a fair trial by less than meaningful representation; mere disagreement with strategies or tactics will not suffice (*see People v Benn,* 68 NY2d 941, 942; *People v Satterfield, supra*).

The defendant correctly contends that the defense counsel's deficient representation deprived him of a fair trial. A portion

of the defendant's claim is based on matter dehors the record. As to that part of his claim that is reviewable, the record demonstrates that counsel did not provide meaningful representation. Among the deficiencies in counsel's performance were her lack of familiarity with the rules of evidence, her failure to review *Rosario* material (*see People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), her inability to effectively cross-examine the People's witnesses, her solicitation of inadmissible identification testimony during cross-examination of a detective and her failure to object when further testimony was elicited from the detective on redirect, and her misstatement in summation that a witness had made an in-court identification of the defendant when he had not, in fact, done so. While no single error on counsel's part would constitute ineffective assistance of counsel, the cumulative effect of these errors deprived the defendant of meaningful representation (*see People v Zaborski,* 59 NY2d 863, 865; *People v Lindo,* 167 AD2d 558, 559).

In light of our determination, it is unnecessary to address the defendant's remaining contention. Santucci, J.P., Altman, Townes and Crane, JJ., concur.