■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICK BROWN, Appellant. [752 NYS2d 347] —Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (McGann, J.), rendered June 22, 1999, convicting him of sodomy in the first degree, sexual abuse in the first degree, incest, and endangering the welfare of a child, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated October 5, 2000, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate the judgment on the ground that he was denied the effective assistance of counsel.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment.

"Where the evidence, the law and the circumstances of a particular case, viewed together and as of the time of representation, reveal that meaningful representation was provided, [a] defendant's constitutional right to the effective assistance of counsel has been satisfied" (*People v Satterfield,* 66 NY2d 796, 798-799). A defendant is not guaranteed a perfect trial, but is entitled to a fair trial. Thus, to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that he or

she was deprived of a fair trial because he or she did not receive meaningful representation; mere disagreement with strategies or tactics will not suffice (*see People v Benn,* 68 NY2d 941, 942; *People v Satterfield, supra*). " '[M]eaningful representation' " includes "a prejudice component which focuses on the 'fairness of the process as a whole rather than [any] particular impact on the outcome of the case' " (*People v Henry,* 95 NY2d 563, 566, quoting *People v Benevento,* 91 NY2d 708, 714).

The defendant correctly contends that the defense counsel's deficient representation deprived him of a fair trial. Among the deficiencies in counsel's performance were his failure to prepare for trial, which was counsel's first trial involving allegations of child abuse (*see People v Droz,* 39 NY2d 457, 462), his inability to effectively cross-examine the 10-year-old complaining witness, his unfamiliarity with the law regarding the admissibility of prompt outcry hearsay testimony (*see People v McDaniel,* 81 NY2d 10, 16-17), and his indication during his summation that he found the complaining witness' testimony believable. While no single error on counsel's part would constitute ineffective assistance of counsel, the cumulative effect of these errors deprived the defendant of meaningful representation (*see People v Zaborski,* 59 NY2d 863, 865; *People v Lindo,* 167 AD2d 558, 559). Smith, J.P., Friedmann, H. Miller and Cozier, JJ., concur.