■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED KLITI, Appellant. [808 NYS2d 715]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered December 17, 2002, convicting him of robbery in the first degree, robbery in the second degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"[T]o prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that he or she was deprived of a

fair trial by less than meaningful representation; mere disagreement with strategies or tactics will not suffice" (*People v Cortez*, 296 AD2d 465, 465 [2002]; *see People v Taylor*, 1 NY3d 174, 176 [2003]). There must be an absence of strategic or other legitimate explanations for counsel's conduct (*see People v Taylor, supra* at 176) which prejudiced the defense or the defendant's right to a fair trial (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]).

Although the defense counsel failed to serve an alibi notice, the alibi testimony was nevertheless admitted in evidence (*see People v Lo Primo*, 69 AD2d 890 [1979]).

Further, the defense counsel pursued a clear trial strategy, based upon the fact that the defendant was implicated by his accomplice and the sole evidence of the defendant's identity as one of the perpetrators was a statement partially written in the investigating detective's handwriting. The defense counsel introduced into evidence a second statement which was entirely in the detective's handwriting. In that statement the defendant admitted to another crime for which he apparently was never charged. The second statement was admitted only after the court ascertained on the record that the admission of the second statement was part of the defendant's trial strategy and the defendant and his father agreed to that strategy. In summation the defense counsel argued that "[my] client is guilty of signing statements. That's all he's guilty of doing."

In view of the foregoing, it cannot be said that the defendant was deprived of meaningful representation. Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.