■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND ALFORD, Appellant. [824 NYS2d 323]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 19, 2004, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

"A defendant in a criminal case has a constitutional right to the effective assistance of counsel" (*People v Larkins,* 10 AD3d 694, 694 [2004]; *see* US Const 6th Amend; NY Const, art 1, § 6).

Although the state constitution entitles a defendant to "meaningful representation," rather than perfect representation (*see People v Modica*, 64 NY2d 828, 829 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Grant*, 297 AD2d 350 [2002]; *see also People v Benevento*, 91 NY2d 708, 712 [1998]), "meaningful representation" includes "a prejudice component which focuses on the 'fairness of the process as a whole rather than [any] particular impact on the outcome of the case' " (*People v Henry*, 95 NY2d 563, 566 [2000], quoting *People v Benevento, supra* at 714; *see People v Brown*, 300 AD2d 314, 315 [2002]). Thus, "[i]solated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is 'so serious that defendant did not receive a "fair trial" ' " (*People v Henry, supra* at 565-566, quoting *People v Flores*, 84 NY2d 184, 188-189 [1994]; *see People v Peterkin*, 27 AD3d 666, 667 [2006]; *People v Rose*, 307 AD2d 270, 271 [2003]). In the particular circumstances presented here, that is the case.

When the People offered into evidence a laboratory report indicating that the defendant's DNA matched samples recovered from the complainant, the defense counsel failed to move to redact the portion of the laboratory report that reflected that samples of the defendant's DNA had been recovered from a victim in a similar, unrelated crime of which the defendant had been convicted. In the absence of an independent basis for its admissibility (*see generally People v Allweiss*, 48 NY2d 40 [1979]; *People v Molineux*, 168 NY 264, 293 [1901]), of which there was none here, such evidence would have been inadmissible had the defense counsel raised an objection to it (*see People v Foster*, 295 AD2d 110, 113 [2002]; *People v Jackson*, 193 AD2d 621, 622 [1993]). As a result, the defense counsel's failure to object permitted the jury to consider evidence of an uncharged crime that would otherwise have been excluded.

Critically, the defendant admitted that he had sexual relations with the complainant on the night in question and contested only the forcible nature of that encounter. Since the only two witnesses were the defendant and the complainant, whose testimony differed markedly, this case turned solely on issues of credibility. The Supreme Court had already recognized the prejudicial impact in these circumstances of evidence that the defendant had been involved in another, similar crime, in ruling that the testimony of the victim of that crime did not fall within any exception set forth in *People v Molineux* (*supra* at 293) and in limiting the People's use of such evidence to impeach the credibility of the defendant, under *People v Sandoval* (34 NY2d 371, 375 [1974]). The failure of the defense counsel to

seek redaction of the laboratory report thus resulted in prejudice to the defendant denying him a fair trial and therefore constituted the ineffective assistance of counsel (*see People v Lindo,* 167 AD2d 558, 559 [1990]). This single failure of the defense counsel constituted an error so serious, and resulted in such prejudice to the defendant, that he was denied a fair trial thereby (*see People v Turner,* 5 NY3d 476, 480-481 [2005]; *People v Benevento, supra; People v Baldi, supra*). Moreover, in light of the prejudicial nature of the evidence, and the fact that it was noticed initially by the jury, which brought it to the attention of the court, the Supreme Court's attempts to remedy the situation with a curative instruction were insufficient to obviate the prejudice to the defendant. Accordingly, the judgment must be reversed and a new trial ordered.

In light of our determination we need not reach the defendant's remaining contentions, including those raised in his supplemental pro se brief. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.