■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR BROWN, Appellant. [829 NYS2d 111]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered November 30, 2004, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A challenge for cause to a prospective juror may be made on the ground that the juror has a state of mind that is likely to preclude him or her from rendering an impartial verdict (*see* CPL 270.20 [1] [b]). When a potential juror reveals knowledge or opinions reflecting a likelihood of bias, the juror must expressly state in unequivocal terms that his or her prior state of mind will not influence his or her verdict, and must also state that he or she will render an impartial verdict based solely on the evidence (*see People v Arnold,* 96 NY2d 358, 362-364 [2001]; *see also People v Johnson,* 94 NY2d 600, 614 [2000]; *People v Blyden,* 55 NY2d 73, 77-78 [1982]). Where a prospective juror offers such assurances, the trial court has discretion to deny the challenge for cause if it determines that the juror's promise to be impartial is credible (*see People v Arnold, supra* at 363).

Here, although the prospective juror's responses to inquiries by counsel and the court raised questions as to her ability to deliberate without bias, she also provided multiple unequivocal assurances that she could render an impartial verdict based solely on the evidence at trial. Accordingly, the court properly exercised its discretion in denying the defendant's challenge for cause. Goldstein, J.P., Spolzino, Skelos and Covello, JJ., concur.