■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JOHNSON, Appellant. [837 NYS2d 222]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered January 6, 2005, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A challenge for cause to a prospective juror may be made on the ground that the juror has a state of mind that is likely to preclude him or her from rendering an impartial verdict (*see* CPL 270.20 [1] [b]). When a prospective juror reveals knowledge or opinions reflecting a likelihood of bias, the juror must expressly state in unequivocal terms that his or her prior state of mind will not influence his or her verdict, and must also state that he or she will render an impartial verdict based solely on the evidence (*see People v Arnold*, 96 NY2d 358, 362-364 [2001]; *see also People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Brown*, 35 AD3d 627 [2006]; *People v Harris*, 14 AD3d 622, 622-623 [2005]). Where a prospective juror offers such assurances,

the trial court has discretion to deny the challenge for cause if it determines that the juror's promise to be impartial is credible (*see People v Arnold, supra* at 363). Here, although the prospective juror's initial responses to inquiries by counsel raised questions as to whether she had a bias toward police officers, she ultimately provided multiple unequivocal assurances that she could render an impartial verdict based solely on the evidence at trial (*see People v Rolle,* 4 AD3d 542 [2004]). Accordingly, the court properly exercised its discretion in denying the defendant's challenge for cause.

The defendant contends that the trial court improperly admitted hearsay testimony depriving him of his constitutional rights to due process, a fair trial, and confrontation. However, since the defendant did not specifically argue that such testimony deprived him of his right of confrontation, that portion of his argument is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Marino,* 21 AD3d 430, 431 [2005]). In any event, the testimony at issue was properly admitted into evidence not for its truth, but to explain the state of mind of the testifying officer and to provide necessary background information to the jury (*see People v Davis,* 23 AD3d 833, 835 [2005]; *see also People v Tosca,* 98 NY2d 660, 661 [2002]; *People v Wright,* 209 AD2d 562, 563 [1994]). In this regard, the trial court properly instructed the jury on the limited purpose of this testimony and that the testimony was not admitted for its truth (*see People v Tosca, supra; People v King,* 217 AD2d 909, 910 [1995]). Moreover, even if the testimony was erroneously admitted, any such error was harmless (*see People v Hardy,* 4 NY3d 192, 198 [2005]; *People v Rice,* 75 NY2d 929, 932 [1990]; *People v Thomas,* 288 AD2d 405, 406 [2001]). Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.