■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERVE JEANNOT, Appellant. [875 NYS2d 114]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Berkowitz, J.), rendered November 1, 2006, convicting him of murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the County Court, Nassau County, for a new trial.

The defendant was convicted of murder in the first degree and criminal possession of a weapon in the second degree. While cross-examining one of the investigating officers during the trial, defense counsel offered into evidence a statement implicating the defendant made to the police by another alleged participant in the crime. The defendant contends that, as a result, he was denied the effective assistance of trial counsel (*see* US Const, 6th Amend; NY Const, art I, § 6).

"To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure" (*People v Rivera*, 71 NY2d 705, 709 [1988]). Recognizing that in evaluating the defendant's claim we must "avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*People v Baldi*, 54 NY2d 137, 146 [1981]), we nevertheless conclude that the defendant has satisfied that standard here by demonstrating that there was no strategic or other legitimate explanation for defense counsel's introduction into evidence of a statement that implicated the defendant, which would not otherwise have been admissible (*see Cruz v New York*, 481 US 186 [1987]; *Bruton v United States*, 391 US 123 [1968]; *People v Eastman*, 85 NY2d 265 [1995]).

The defendant's remaining contention is without merit. Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.