THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SPARTACUS BROWN, Appellant. [879 NYS2d 263]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered September 19, 2006. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the motion to set aside the verdict in part is granted, the verdict is set aside in part and a new trial is granted on counts two and three of the indictment.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that County Court erred in

denying his motion to set aside the verdict in part pursuant to CPL 330.30 on the ground that he was denied effective assistance of counsel. We agree. The motion was based on defense counsel's failure to object to the admission in evidence of the victim's medical records, which contained information concerning prior allegations of sexual abuse against defendant. Under the circumstances of this case, that failure alone constitutes ineffective assistance of counsel because it was "so 'egregious and prejudicial' as to deprive [the] defendant of his constitutional right" to a fair trial (*People v Turner*, 5 NY3d 476, 480 [2005]). Contrary to the People's contention, the statement of defense counsel in response to a question by the court concerning the CPL 330.30 motion did not establish that his failure to object to the admission of such prejudicial information was part of a legitimate trial strategy (*cf. People v Pierce*, 303 AD2d 966, 966-967 [2003], *lv denied* 100 NY2d 565 [2003]).

Based on our resolution of this issue, we see no need to reach defendant's remaining contention. Present—Hurlbutt, J.P., Martoche, Centra, Pine and Gorski, JJ.