■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAHENDRA DANRAJ, Appellant. [905 NYS2d 280]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered August 9, 2007, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), unlawful possession of marijuana, and operating a motor vehicle while under the influence of alcohol (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

Contrary to the defendant's contention, the record supports the hearing court's determination that the stop of the defendant's vehicle was based on reasonable suspicion (see People v Jogie, 51 AD3d 1038, 1039 [2008]; People v McCoy, 30 AD3d 441, 442 [2006]; People v Vitiello, 285 AD2d 480 [2001]). Accordingly, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements to law enforcement officials.

Viewing the trial evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

A new trial is required, however, because the defendant was deprived of the effective assistance of counsel. Recognizing that in reviewing a claim of ineffective assistance we must "avoid both confusing true ineffectiveness with mere losing tactics and

according undue significance to retrospective analysis" (*People v Baldi*, 54 NY2d 137, 146 [1981]), we nevertheless conclude that the defendant has demonstrated that there was no strategic or other legitimate explanation for defense counsel's elicitation of unfavorable hearsay testimony from a prosecution witness during cross-examination, and failure to argue that the weapon and marijuana found in the vehicle the defendant was driving may have belonged to a passenger of the vehicle who was not apprehended. The cumulative effect of defense counsel's errors deprived the defendant of meaningful representation and a fair trial (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Clarke*, 66 AD3d 694, 698 [2009]; *People v Jeannot*, 59 AD3d 737 [2009]).

The defendant's remaining contention is without merit. Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.