■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CLEOPHUS, Appellant. [916 NYS2d 624]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered October 27, 2008, convicting him of criminal contempt in the first degree and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The defendant was charged with criminal contempt in the first degree on the ground that he violated an order of protection (*see* Penal Law § 215.51 [c]). The element of that offense which distinguishes it from the lesser offense of criminal contempt in the second degree is that the defendant had been previously convicted of aggravated criminal contempt or criminal contempt in the first or second degree for violating an order of protection within the preceding five years (*id.*).

The Criminal Procedure Law provides that where, as here, "the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter," an indictment for the higher offense "may not allege such previous conviction" (CPL 200.60 [1]). Rather, the previous conviction must be charged in a special information filed at the same time as the indictment, and the trial court must arraign the defendant on the special information outside the jury's presence (*see* CPL 200.60 [2], [3]). If the defendant admits the previous conviction, "that element of the offense charged in the indictment is deemed established, no evidence in support thereof may be adduced by the people, and the court must submit the case to the jury without reference thereto and as if the fact of such previous conviction were not an element of the offense" (CPL 200.60 [3] [a]). If the defendant "denies the previous conviction or remains mute," the People "may prove that element of the offense charged before the jury as part of their case" (CPL 200.60 [3] [b]).

The trial in this case was conducted in September 2008, and prior to opening statements, the prosecutor inquired as to whether the defendant intended to admit that he had been convicted of criminal contempt in the second degree in October 2007. The Supreme Court explained to the defendant that if he did not admit to the prior conviction, "it will have to go before the jury," but if he did admit to it, "then the jury won't hear that." Defense counsel stated that the defendant would admit to the conviction, and the Supreme Court subsequently arraigned the defendant on a special information alleging the October 2007 conviction. In doing so, the Supreme Court stated that "the defendant may admit the conviction, deny the conviction or remain mute," and that "[i]n the event he admits the conviction, no evidence of the crime may be presented, but the elements of the crime, criminal contempt in the first degree

under the third count of the indictment, is deemed established." Defense counsel then stated that the defendant "admits . . . that he was convicted of that crime . . . on that date." The Supreme Court responded: "So that part of that third count is deemed established."

Later in the trial, the People moved to introduce into evidence the minutes of the proceeding for the plea of guilty which formed the basis of the defendant's October 2007 conviction. Defense counsel stated that he had no objection to the admission of those minutes, and the prosecutor then read the minutes to the jury.

The defendant contends that the People were impermissibly permitted to read into evidence the minutes of his October 2007 guilty plea, after he had been guaranteed by the trial court that, pursuant to CPL 200.60, the evidence of that prior conviction would not be presented to the jury. This contention, however, was waived by the defendant's attorney when he stated that he had no objection to the admission of the plea minutes.

Nonetheless, a new trial is required because the defendant was deprived of the effective assistance of counsel. The defendant has demonstrated the absence of any strategic or other legitimate explanation for his attorney's express waiver of any objection to the introduction of the minutes of the prior plea of guilty to criminal contempt in the second degree (see People v Baker, 14 NY3d 266, 270-273 [2010]; People v Rivera, 71 NY2d 705, 709 [1988]). Having already admitted to the prior conviction, thus relieving the People of their burden of proving that element of the instant offense, the defendant had invoked the protection of CPL 200.60 (3) (a), which precluded the introduction of any evidence regarding the prior conviction. Contrary to the People's contention, we perceive no valid tactical reason for abandoning that statutory protection, particularly since defense counsel made no use of the information contained in the plea minutes he allowed the jury to hear, either on cross-examination of any witness or in his summation. Under these circumstances, allowing the jury to learn about the October 2007 conviction and the facts on which it was based compromised the defendant's right to a fair trial (see People v Cooper, 78 NY2d 476, 481, 483 [1991]). Thus, the defendant was deprived of meaningful representation, and a new trial is required (see People v Caban, 5 NY3d 143, 152 [2005]; People v Benevento, 91 NY2d 708, 712 [1998]; People v Danraj, 75 AD3d 651 [2010]; People v Clarke, 66 AD3d 694, 698 [2009]; People v Jeannot, 59 AD3d 737 [2009]). Prudenti, P.J., Florio, Belen and Austin, JJ., concur.