■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN CANTAVE, Appellant. [921 NYS2d 278]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 23, 2008, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

On the night of November 23, 2006, the defendant allegedly raped and sexually abused a young woman who rented a room in his home. At trial, the complainant testified that the sexual assault against her began after the defendant knocked on her door and asked to speak to her about the rent and heat. During the course of the assault, which the complainant estimated lasted one to two hours, the defendant allegedly choked her,

stabbed her with a barbeque fork, and pushed her down the basement stairs. Inside the basement, the complainant struggled with the defendant as he attempted to place his penis inside her vagina, but the defendant ultimately succeeded "a little bit." The complainant further testified that, as she continued to struggle with the defendant, he touched her breasts through her clothes. The defendant took the stand and denied having seen the complainant that night, and denied that he had raped, sexually abused, or assaulted her. After extensive deliberations and following a lengthy *Allen* charge (*see Allen v United States*, 164 US 492 [1896]), the jury returned a verdict finding the defendant guilty of rape in the first degree and sexual abuse in the first degree.

On appeal, the defendant contends that he was deprived of his Sixth Amendment right to effective assistance of counsel because his trial attorney failed to cross-examine the complainant about inconsistent statements she had made to hospital personnel hours after the attack, which indicated that she had prevented "penile-vaginal penetration" by struggling with her assailant, and that she had been penetrated with his hand rather than his penis. We agree. The fundamental right to the effective assistance of counsel is essential to a criminal defendant's due process right to a fair trial (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 711 [1998]). "While it is true that an attorney's trial strategy and 'efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective' . . . where a witness has offered prior testimony which is significantly at odds with his or her trial testimony, the discrepancy can be used on cross-examination to cast doubt on the credibility of the witness" (*People v Clarke*, 66 AD3d 694, 697 [2009], quoting *People v Benevento*, 91 NY2d at 712; *see People v Brown*, 300 AD2d 314, 315 [2002]).

Here, the People's case against the defendant turned largely upon the credibility of the complainant, and the hospital records containing her prior inconsistent statements were received into evidence and readily available to trial counsel. However, trial counsel made no attempt to impeach the complainant at trial with her inconsistent statements regarding whether penile penetration occurred, despite the fact that such penetration is an essential element of rape in the first degree (*see* Penal Law § 130.00 [1]; § 130.35 [1]). Furthermore, although the credibility of the complainant's testimony that she had been raped was the primary focus of trial counsel's brief and perfunctory summation, he failed to call to the jury's attention the inconsis-

tent statements contained in the hospital records. We can perceive no strategic or legitimate tactical explanation for defense counsel's failure to highlight, particularly in his summation, prior inconsistent statements which, if properly utilized, may have cast doubt on the complainant's testimony that the defendant penetrated her with his penis, and on her entire account of the incident. Given the prejudicial nature of trial counsel's failures, the defendant was deprived of meaningful representation and, thus, a new trial is required (*see People v Caban*, 5 NY3d at 152; *People v Benevento*, 91 NY2d at 712; *People v Cleophus*, 81 AD3d 844 [2011]; *People v Danraj*, 75 AD3d 651, 652 [2010]; *People v Clarke*, 66 AD3d at 697; *People v Brown*, 61 AD3d 1427, 1428 [2009]; *People v Jeannot*, 59 AD3d 737 [2009]; *People v Alford*, 33 AD3d 1014 [2006]; *People v Winston*, 134 AD2d 546, 546-547 [1987]).

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.