THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR GAVALO, Appellant. [929 NYS2d 321]—

"A defendant in a criminal case has a constitutional right to the effective assistance of counsel" (*People v Larkins*, 10 AD3d 694 [2004]; *see* US Const Sixth Amend; NY Const, art I, § 6). "However, what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case" (*People v Rivera*, 71 NY2d 705, 708 [1988]). Under the New York Constitution, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Benevento*, 91 NY2d 708, 712 [1998]). "While the inquiry focuses on the quality of the representation provided to the accused, the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Benevento*, 91 NY2d at 714). Thus, "[i]solated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is 'so serious that defendant did not receive a fair trial' " (*People v Henry*, 95 NY2d 563, 565-566 [2000], quoting *People v Flores*, 84 NY2d 184, 188-189 [1994]).

We agree with the defendant that, under the particular circumstances of this case, he was not provided meaningful representation. Defense counsel "embarked on an inexplicably prejudicial course" which deprived the defendant of a fair trial (*People v Zaborski*, 59 NY2d 863, 865 [1983]). The defendant was accused of shooting two occupants of a parked car, and defense counsel deliberately elicited testimony from a prosecution witness regarding an incident in which the defendant allegedly broke into the witness's apartment and shot at him.

Thus, defense counsel intentionally elicited unduly prejudicial testimony, which otherwise would have been inadmissible (*see People v Lindo*, 167 AD2d 558, 559 [1990]). As a result, the jury was presented with an unrelated act of gun violence committed by the defendant, which had no relation to the charged crimes. The evidence regarding the unrelated shooting improperly suggested to the jury that the defendant had a criminal propensity for gun violence. Such evidence was highly prejudicial in the context of this trial, which also involved an alleged shooting. To compound the error, defense counsel failed to request a limiting instruction with regard to the testimony (*see People v Fleegle*, 295 AD2d 760, 762-763 [2002]).

These errors were "so serious, and resulted in such prejudice to the defendant, that he was denied a fair trial thereby" (*People*

*v Alford*, 33 AD3d 1014, 1016 [2006]; *see People v Turner*, 5 NY3d 476, 480 [2005]). Consequently, we conclude that the defendant did not receive the effective assistance of counsel. Accordingly, the judgment must be reversed and a new trial ordered.

In light of our determination, we need not reach the defendant's remaining contention. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.