THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY BURGESS, Appellant. [933 NYS2d 715]—

The defendant asserts that he was deprived of a fair trial because the procedures set forth in CPL 200.60 were not followed. CPL 200.60 (1) provides that "[w]hen the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment for such higher offense may not allege such previous conviction." Rather, the underlying crime must be charged in a special information and the defendant must be arraigned on such information outside the presence of the jury (*see* CPL 200.60 [2], [3]). If the defendant admits the previous conviction, "that element of the offense charged in the indictment is deemed established, no evidence in support thereof may be adduced by the people, and the court must submit the case to the jury without reference thereto and

as if the fact of such previous conviction were not an element of the offense" (CPL 200.60 [3] [a]; *see People v Cleophus*, 81 AD3d 844, 845 [2011]).

Here, the defendant was charged with aggravated unlicensed operation of a motor vehicle in the first degree pursuant to Vehicle and Traffic Law § 511 (3) (a) (i), which required the People to prove that the defendant operated a motor vehicle "while knowing or having reason to know" that his license was suspended or revoked due to a prior conviction of driving while intoxicated (Vehicle and Traffic Law § 511 [1] [a]; *see* Vehicle and Traffic Law § 511 [2] [a] [ii]; [3] [a] [i]). The defendant admitted to a special information which charged that he was previously convicted of driving while intoxicated, that his license was revoked pursuant to that prior conviction, and that his license remained revoked as of the date of the crimes alleged in the present case. The defendant's admission relieved the People of their burden of proving those elements of the instant offense, and granted the defendant the protection afforded by CPL 200.60. This protection precludes the jury from learning about the "conviction and the facts on which it was based" (*People v Cleophus*, 81 AD3d at 846). Therefore, since the jury was allowed to learn about the license revocation and the defendant's knowledge of the license revocation at trial, the defendant's right to a fair trial was compromised. Accordingly, the defendant is entitled to a new trial (*see People v Cooper*, 78 NY2d 476 [1991]; *cf. People v Dove*, 86 AD3d 715 [2011]; *People v Cleophus*, 81 AD3d 844 [2011]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.