■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRELL HEWITT, Appellant. [944 NYS2d 766]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Guidice, J.), rendered May 25, 2010, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

A prospective juror may be challenged for cause on the ground

that "[h]e [or she] has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). "[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (*People v Chambers*, 97 NY2d 417, 419 [2002]; *see People v Arnold*, 96 NY2d 358, 362 [2001]). "Where a prospective juror offers such assurances, the trial court has discretion to deny the challenge for cause if it determines that the juror's promise to be impartial is credible" (*People v Johnson*, 40 AD3d 1011, 1011-1012 [2007]; *see People v Arnold*, 96 NY2d at 363). Here, although the subject prospective juror initially indicated that he had a bias in favor of the testimony of police officers, he provided two unequivocal assurances that he could follow the Supreme Court's instructions on assessing the credibility of witnesses and render an impartial verdict based solely on the evidence produced at trial. Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's challenge for cause (*see People v Mercereau*, 84 AD3d 1270 [2011]; *People v Johnson*, 40 AD3d 1011 [2007]; *People v Rolle*, 4 AD3d 542 [2004]).

However, a new trial is required because the defendant was deprived of the effective assistance of counsel. "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure" (*People v Rivera*, 71 NY2d 705, 709 [1988]). Recognizing that in evaluating the defendant's claim we must "avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*People v Baldi*, 54 NY2d 137, 146 [1981]), we nevertheless conclude that the defendant has satisfied that standard here. Contrary to the People's contention, the defendant demonstrated that there was no strategic or other legitimate explanation for defense counsel opening the door for the admission into evidence of a photo array identification of the defendant, which would not otherwise have been admissible, and which served to bolster the reliability of the in-court identification by the People's witness (*see People v Gavalo*, 87 AD3d 1014 [2011]; *People v Jeannot*, 59 AD3d 737 [2009]; *People v Lindo*, 167 AD2d 558 [1990]; *People v Barnes*, 70 AD2d 882 [1979]; *cf. People v Pennington*, 27 AD3d 269, 270 [2006]; *People v Taylor*, 300 AD2d 746, 748 [2002]; *People v Silvestre*, 279 AD2d 364, 365 [2001]).

Since the defendant was deprived of a fair trial by the ineffec-

tive assistance of his counsel, the judgment must be reversed and a new trial ordered. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.