Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered July 19, 2010, convicting him of operating a motor vehicle while under the influence of alcohol as a felony, aggravated unlicensed operation of a motor vehicle in the first degree (two counts), and speeding, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
*981 The defendant contends that he was deprived of the protection of CPL 200.60 when the prosecution employed a prior conviction to elevate the level of a charged crime. However, the defendant waived this contention by entering into a stipulation pursuant to which he agreed to place the subject prior conviction and conviction-related facts before the jury (see People v Cleophus, 81 AD3d 844, 846 [2011]; People v Ward, 57 AD3d 582, 583 [2008]).
The record as a whole demonstrates that the defendant received meaningful representation (see People v Stultz, 2 NY3d 277, 287 [2004]; People v Benevento, 91 NY2d 708 [1998]; People v Rivera, 71 NY2d 705, 709 [1988]; cf. People v Cleophus, 81 AD3d at 846).
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial because the prosecutor’s summation comments regarding his failure to call certain witnesses to corroborate his testimony impermissibly shifted the burden of proof (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]). In any event, the defendant’s contention is without merit, since where, as here, a defendant elects to present evidence of his innocence, his failure to call certain witnesses in support of his defense may be brought to the jury’s attention by the prosecutor on summation, provided that the prosecutor’s comments are, as here, not made in bad faith and are merely efforts to persuade the jury to draw inferences supporting the People’s position (see People v Tankleff, 84 NY2d 992, 994-995 [1994]; People v Floyd, 97 AD3d 837, 837-838 [2012]; People v Gross, 78 AD3d 1196, 1197 [2010]).
Contrary to the defendant’s contention, the County Court properly adhered to its original Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) in allowing the prosecutor to question the defendant as to the name and classification of his prior conviction for criminal possession of a weapon. Moreover, the court properly allowed the prosecutor to question the defendant about a prior chemical test refusal that had already been placed before the jury by stipulation. However, we agree with the defendant that the court improperly modified its Sandoval ruling in allowing the prosecutor to cross-examine him about a prior conviction for driving while ability impaired and his refusal to submit to a chemical test in that case. Contrary to the court’s determination, the defendant did not testify about this prior conviction or to facts in conflict with the precluded evidence, and therefore did not “open the door” to the otherwise precluded evidence (see People v Seabrooks, 82 AD3d 1130, 1131 [2011]; People v Perez, 40 AD3d 1131, 1132 [2007]; cf. People v *982 Fardan, 82 NY2d 638, 646 [1993]; People v Gross, 88 AD3d 905, 905 [2011]). Nevertheless, the error was harmless, as there was overwhelming evidence of the defendant’s guilt and no significant probability that the error contributed to the defendant’s convictions (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Seabrooks, 82 AD3d at 1131).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Mastro, J.E, Austin, Cohen and Miller, JJ,
concur.