■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT COLON, Appellant.—Appeal by the defendant from a

judgment of the County Court, Suffolk County (Rohl, J.), rendered July 31, 1987, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court did not improvidently exercise its discretion in ruling that the prosecutor could inquire as to the defendant's convictions in 1980 and 1984 for burglary in the third degree. Such convictions and the underlying facts thereof were particularly relevant in assessing the defendant's credibility as a witness and his willingness to place his self-interest above that of society *(see, People v Sandoval,* 34 NY2d 371; *People v Fana,* 142 AD2d 684).

The defendant was not denied the right to be defended by counsel of his own choosing. On the scheduled trial date, the court was advised that the defendant's family was retaining counsel for him but no specific information or actual retainer statement was provided to the court. Further, although the matter was adjourned to the next day, no retained attorney ever appeared on the defendant's behalf nor were any further requests or objections made by the defendant. We find that the defendant had been afforded a reasonable opportunity to secure counsel and that no exigent circumstances were set forth to indicate that the failure to do so was due to forces beyond his control *(cf., People v Arroyave,* 49 NY2d 264).

Finally, we have examined the defendant's contention that his sentence is excessive and find it to be without merit *(see, People v Kazepis,* 101 AD2d 816; *People v Suitte,* 90 AD2d 80). Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.