■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND INGRAM, Appellant. [614 NYS2d 924] —Appeal by the defendant from a judgment of the County Court, Nassau County, (Belfi, J.), rendered December 2, 1991, convicting him of rape in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not denied a fair trial by the prosecutor's remarks during summation. The prosecution may respond fairly to defense counsel's comments when the defense portrays the police officers that testified as, at best, mistaken or, at worst, liars *(see, People v Galloway,* 54 NY2d 396, 400). The theory of the defense was that the People's witnesses were not telling the truth, and the record indicates that defense counsel questioned the credibility of the People's witnesses. During cross-examination, defense counsel attempted to find inconsistencies in the testimony of Detective Detwiller. Under these circumstances, the prosecutor's comments were fair response to the defense *(see, People v Johnson,* 154 AD2d 618, 619).

The trial court's *Sandoval* ruling, which permitted the People to inquire about the facts and circumstances surrounding the defendant's prior convictions for, *inter alia,* robbery, burglary, and unauthorized use of a motor vehicle was not an improvident exercise of discretion. Prior robbery and burglary convictions are highly relevant in assessing the defendant's credibility as a witness and his willingness to place his self-interest above that of society *(see, People v Colon,* 150 AD2d 476, 477; *People v Woods,* 158 AD2d 566, 567).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Altman, Hart and Florio, JJ., concur.