■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JACKSON, Appellant. [646 NYS2d 876] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered August 16, 1993, convicting him of burglary in the second degree, attempted petit larceny, and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Trial Court violated the juror separation provisions of CPL 270.30 and 310.10 by permitting an alternate juror to be transported to dinner with the deliberating jurors. However, as the Court of Appeals recently explained in *People v Agramonte* (87 NY2d 765), violations of CPL 270.30 and 310.10 do not fall within the narrow category of errors which affect " 'the organization of the court or the mode of proceedings prescribed by law' " *(People v Agramonte, supra,* at 769, quoting *People v Patterson,* 39 NY2d 288, 295), and are thus not immune from traditional preservation requirements. At bar, the defendant failed to raise any objection to the manner in which the court proposed that the alternate juror be taken to dinner, and, accordingly, his present claim is unpreserved for appellate review *(see, People v Rahman,* 87 NY2d 765). In any event, the defendant's assertion that the court failed to ensure that the alternate juror and the regular jurors be kept separate and apart is without merit. The record contains no indication that the alternate juror had any contact with the deliberating jurors on the way to the restaurant selected for the dinner recess, and the court gave clear instructions that the alternate juror was to be seated at a separate table, and was not permitted to speak to the deliberating jurors.

The defendant's remaining contention is without merit. O'Brien, J. P., Thompson, Altman and Krausman, JJ., concur.