■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT COWARD, Appellant. [669 NYS2d 825] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 6, 1996, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While a team of detectives was investigating a house used to store or secrete narcotics in Kings County, it encountered the defendant, who was in the process of purchasing 62 grams of cocaine. The defendant was convicted of criminal possession of a controlled substance in the second degree. Contrary to the defendant's contention, the trial court properly permitted the

prosecutor to cross-examine him about his prior conviction for criminal possession of a weapon in the third degree. It is well established that where the defendant's prior criminal conduct indicates a disposition to place his interests above those of society, it is considered probative on the issue of credibility (*see, People v Sandoval,* 34 NY2d 371, 377).

The defendant also failed to establish that the prosecution's delay in producing *Rosario* material, assuming that it was, in fact, *Rosario* material, caused substantial prejudice to his defense so as to warrant a new trial (*see, People v Best,* 186 AD2d 141). Further, there is no merit to his contention that the trial court's missing witness charge was inadequate. That the two witnesses in question were police informants at the time of the crime and were incarcerated in South Carolina at the time of the trial does not establish that they were under the prosecution's control within the meaning of *People v Gonzalez* (68 NY2d 424). O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.