■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE CLARK, Appellant. [699 NYS2d 352] —Judgments, Supreme Court, Bronx County (John Collins, J.), rendered August 12, 1997 and June 3, 1998, convicting defendant of violation of probation, and resentencing him to a term of 1 to 3 years, and convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree and unauthorized use of a motor vehicle in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 1 year, to run consecutively to the term imposed for violation of probation, unanimously affirmed.

Defendant's motion to dismiss the indictment was properly denied. Defendant failed to invoke his right to testify before the Grand Jury since he did not provide written notice of his intention to testify and there is no basis for excusing that requirement in this case (see, People v Clay, 248 AD2d 180, lv denied 92 NY2d 849). In any event, defendant was given more than reasonable opportunity to testify and his failure to do so was of his own creation (see, People v Savareese, 258 AD2d 854, lv denied 93 NY2d 974) because he unreasonably refused to testify on the date when he, his attorney, and the grand jurors were present.

The evidence was sufficient to establish beyond a reasonable doubt that defendant exercised dominion and control over the garage in question given that he possessed the key to the garage. Such possession permits the inference that he was constructively in possession of the stolen vehicle (see, People v Reisman, 29 NY2d 278, 285, cert denied 405 US 1041). Defendant's contention that he proffered evidence that the garage was rented to a third party presented a credibility issue for the jury, which discredited such evidence.

We perceive no abuse of sentencing discretion with respect to the violation of probation. Concur—Ellerin, P. J., Rosenberger, Nardelli, Mazzarelli and Friedman, JJ.