■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SAMLAL, Appellant. [738 NYS2d 594] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Tomei, J.), rendered December 16, 1999, convicting him of criminal possession of a controlled substance in the seventh degree, and (2) a judgment of the same court (Kreindler, J.), rendered March 6, 2000, convicting him of robbery in the first degree and attempted robbery in the first degree, upon jury verdicts, and imposing sentences.

Ordered that on the Court's own motion, the notice of appeal from the judgment rendered March 6, 2000, is deemed to also be an application pursuant to CPL 460.30 for an extension of time to take an appeal from the judgment rendered December 16, 1999, and the application is granted; and it is further,

Ordered that the judgments are affirmed.

The trial court properly admitted evidence of uncharged crimes committed by the defendant since they were inextricably interwoven with the narrative of events, and since it was necessary background information to explain to the jury the relationship between the defendant and the prosecution witness (*see, People v Vails,* 43 NY2d 364). Moreover, the trial court's limiting instructions effectively prevented prejudice to the defendant.

The trial court did not commit reversible error in refusing to allow defense counsel to cross-examine a prosecution witness

regarding his alleged gang affiliation. The trial court providently exercised its discretion to preclude this line of inquiry since it was speculative and lacked a good-faith basis (*see, People v Williams,* 222 AD2d 469; *People v Rodriguez,* 191 AD2d 723).

The defendant's remaining contention is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction. Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.