■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN THOMAS, Appellant. [786 NYS2d 180]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ort, J.), rendered July 1, 2003, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly admitted into evidence an audiotape of a telephone call to the 911 emergency number (hereinafter the 911 audiotape) which the prosecution produced only days before the trial. The extreme sanction of preclusion of evidence is warranted only where undue prejudice will result from the failure to timely produce such evidence (see People v King, 221 AD2d 472, 472-473 [1995]; People v Johnstone, 131 AD2d 782, 783 [1987]). Since the defense had a meaningful opportunity to prepare for cross-examination of prosecution witnesses regarding any inconsistencies between their version of events and the content of the 911 audiotape, the defendant failed to demonstrate that he was prejudiced or deprived of his constitutional right to a fair trial (see People v Cortijo, 70 NY2d 868, 870 [1987]; People v Maddery, 282 AD2d 761 [2001]).

Contrary to the defendant's contention, the court providently exercised its discretion in permitting the prosecution to impeach the defendant's credibility with evidence of his prior convictions. The defendant's convictions were relevant on the issue of his credibility as a witness and demonstrate a willingness to place his own interests before those of society (see People v Calvert, 266 AD2d 226, 226-227 [1999]; People v Coward, 248 AD2d 397, 397-398 [1998]; People v Creel, 215 AD2d 577, 578 [1995]; People v Ingram, 205 AD2d 801 [1994]).

The trial court properly admitted evidence of certain uncharged crimes and prior bad acts committed by the defendant, since these provided relevant background information which constituted interwoven events which led up to the instant shooting, and served to demonstrate the nature of the relationship between the defendant and the prosecution witnesses (see People v Samlal, 292 AD2d 400 [2002]; People v Newby, 291 AD2d 460 [2002]). Accordingly, since the probative value of the evidence outweighed any prejudice to the defendant, the court properly exercised its discretion in admitting it.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.