■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASHON TAYLOR, Appellant. [813 NYS2d 678]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered October 22, 2003, convicting him of assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contentions that the trial court failed to admonish the jury not to discuss the case during an overnight recess, and that it failed to timely and meaningfully respond to certain jury notes (*see* CPL 470.05 [2]; *People v Bonaparte*, 78 NY2d 26, 32 [1991]; *cf. People v Agramonte*, 87 NY2d 765, 771 [1996]). In any event, to the extent that these contentions may be reviewed on the record presented, they are without merit.

The defendant failed to preserve for appellate review his contention that the testimony of two witnesses for the prosecution constituted implicit bolstering in violation of *People v Trowbridge* (305 NY 471 [1953]; *see* CPL 470.05 [2]; *People v Vanier*, 255 AD2d 610 [1998]). In any event, any error was harmless in light of the strong circumstantial evidence of the defendant's identity as the assailant (*see People v Tinsley*, 159 AD2d 602 [1990]). Similarly, the defendant's contention that the trial court failed to adequately instruct the jury on the issue of identification is unpreserved for appellate review and, in any event, is without merit (*see* CPL 470.05 [2]; *People v Nimmons*, 222 AD2d 704 [1995]; *People v Moore*, 159 AD2d 521 [1990]).

The defendant failed to preserve for appellate review his contentions that the indictment was impermissibly amended to charge a new crime and that the evidence was legally insufficient to support his conviction of assault in the second degree (*see* CPL 470.05 [2]; *People v Harvey*, 212 AD2d 730 [1995]). Further, we decline to reach the issue of the legal sufficiency of the evidence on that count in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; *People v Scott*, 24 AD3d 800 [2005]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.