■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK WILLIAMS, Appellant. [846 NYS2d 620]—

Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Chun, J.), rendered August 31, 2005, convicting him of criminal possession of a weapon in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment is affirmed.

The defendant did not preserve for appellate review his contention that the trial court failed to properly admonish the jury when it released the jurors prior to two overnight recesses (*see* CPL 270.40, 310.10 [2]; *People v Bonaparte*, 78 NY2d 26, 32 [1991]; *People v Lumpkin*, 39 AD3d 671 [2007]; *People v Taylor*, 29 AD3d 713, 714 [2006]). Contrary to the defendant's contention, the failure to give an instruction pursuant to CPL 270.40 and 310.10 is not a mode of proceedings error that need not be preserved (*see People v Bonaparte*, 78 NY2d at 31 n; *People v Kelly*, 11 AD3d 133, 144 [2004], *affd* 5 NY3d 116 [2005]; *People v Jackson*, 230 AD2d 921 [1996]). In any event, although the court's admonishments to the jury were less than complete (*see* CJI2d[NY], Jury Separation During Deliberations [rev Apr. 4, 2003]), the defendant's contention that the court's omission deprived him of due process is without merit since, considered in the aggregate, the court's admonishments to the jury during

its preliminary instructions and throughout the trial "adequately conveyed to the jury its function, duties and conduct" (*People v Fleming*, 270 AD2d 498, 498 [2000]).

Viewing defense counsel's representation of the defendant in its entirety, the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]), which was not vitiated by defense counsel's failure to object to the inadequacy of the court's admonishments prior to the two overnight recesses (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Tuma*, 119 AD2d 606 [1986]). Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.