■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL NASH, Appellant. [858 NYS2d 905]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered January 13, 2006, convicting him of murder in the second degree, criminal possession of a controlled substance in the seventh degree, operating a motor vehicle while under the influence of drugs, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Furthermore, the trial court did not err in failing to submit the lesser-included offenses of manslaughter in the first degree and manslaughter in the second degree to the jury since there was no reasonable view of the evidence that the defendant committed the lesser offenses without having committed the greater offense of murder in the second degree (*see* CPL 300.50 [1]; *People v Glover*, 57 NY2d 61, 63 [1982]; *People v Connelly*, 32 AD3d 863 [2006]; *People v Webb*, 31 AD3d 796, 797 [2006]).

The defendant's contention that he was denied the effective assistance of trial counsel is without merit. To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that his attorney failed to provide meaningful representation and the absence of strategic or other legitimate explanations for his counsel's allegedly deficient conduct (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Rivera*, 71 NY2d 705, 708 [1988]). The record before us reveals strategic or legitimate explanations for the alleged instances of ineffective assistance.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.