■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK HALL, Appellant. [873 NYS2d 332]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Lott, J.), rendered February 15, 2007, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, a police officer testified that he spoke with both the complaining witness and a boy who came to the aid of the complaining witness during the attack for which the defendant was convicted, and that the conversation took place outside a grocery store located near the scene of the incident. The officer then testified that, after speaking with the complaining witness and the boy, he entered the store and arrested the defendant.

The defendant contends that when the trial court allowed the police officer to testify that he arrested him after speaking with the boy, who did not testify at trial, the defendant's constitutional right to confront witnesses against him was violated (*see Crawford v Washington,* 541 US 36 [2004]). However, this contention is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, since there was overwhelming evidence of the defendant's guilt, including the defendant's confessions, and since there was no reasonable possibility that any error in allowing the officer's testimony in this regard contributed to the defendant's conviction, any error in allowing that testimony was harmless (*see People v Hardy,* 4 NY3d 192, 198 [2005]; *People v McBee,* 8 AD3d 500, 501 [2004]; *People v Latta,* 295 AD2d 449 [2002]).

The defendant also contends that the testimony of the police officer who arrested him after speaking with the complaining witness, who did testify at trial, constituted implicit bolstering of the complaining witness's identification testimony (*see People v Trowbridge,* 305 NY 471 [1953]). However, this contention is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Taylor,* 29 AD3d 713 [2006]). In any event, any error in allowing the officer's testimony in this regard was harmless (*see People v Gordillo,* 191 AD2d 455, 456 [1993]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit. Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.