■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN MARTIN, Appellant. [875 NYS2d 541]—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Lewis, J.), rendered April 27, 2007, convicting him of grand larceny in the fourth degree and petit larceny under indictment No. 1913/06, upon a jury verdict, and imposing sentence, (2) an amended judgment of the same court, also rendered April 27, 2007, revoking a sentence of probation previously imposed by the same court under Superior Court information No. 1155/03, upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree, and (3) an amended judgment of the same court, also rendered April 27, 2007, revoking a sentence of probation previously imposed by the same court under Superior Court information No. 1156/03, upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of grand larceny in the fourth degree.

Ordered that the judgments are affirmed.

The defendant's contention that the evidence was legally insufficient to prove his identity as the perpetrator of the crimes charged under indictment No. 1913/06 is unpreserved for appellate review (*see People v Hawkins,* 11 NY3d 484, 491-493 [2008]; *People v Robles,* 34 AD3d 849 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2

NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that the trial court committed reversible error in failing to admonish the jury pursuant to CPL 270.40 and 310.10 prior to an overnight recess (*see People v Williams,* 46 AD3d 585 [2007]; *People v Lumpkin,* 39 AD3d 671 [2007]). In any event, the instructions that were given adequately conveyed to the jury its function, duties, and conduct (*see People v Williams,* 46 AD3d at 585-586).

The defendant's remaining contentions are without merit. Rivera, J.P., Ritter, Miller and Chambers, JJ., concur.