■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR VALDES, Also Known as CUBA, Appellant. [886 NYS2d 623]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered November 8, 2006, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that exculpatory material exists that was not provided to the defendant pursuant to *Brady v Maryland* (373 US 83 [1963]) is based on matter dehors the record and, thus, cannot be reviewed on direct appeal (*see People v Reyes*, 60 AD3d 873 [2009]; *People v Purdie*, 50 AD3d 1065 [2008]; *People v Williams*, 43 AD3d 729 [2007]).

The defendant's contention that certain remarks made by the prosecutor during his summation were improper and deprived him of a fair trial are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Howard*, 61 AD3d 993 [2009]; *People v Leon*, 61 AD3d 776 [2009]). In any event, the comments constituted fair comment on the evidence and a fair response to the defense

summation, or do not require reversal (*see People v Halm*, 81 NY2d 819 [1993]; *People v Galloway*, 54 NY2d 396 [1981]; *People v Almonte*, 23 AD3d 392, 394 [2005]; *People v Molinaro*, 62 AD3d 724 [2009]).

The defendant's contention, raised in his supplemental pro se brief, that the trial court erred in admitting into evidence a statement made by him during the course of an argument with the brother of a witness who testified at trial, on the ground that it constituted hearsay, is without merit. The testimony was admissible pursuant to the party admissions exception to the hearsay rule (*see People v Johnson*, 93 NY2d 254, 260 [1999]; *People v Webb*, 60 AD3d 1291 [2009]; *People v Nealy*, 32 AD3d 400, 402 [2006]; *People v Swart*, 273 AD2d 503, 505 [2000]; Prince, Richardson on Evidence, § 8-201, at 510 [Farrell 11th ed]). The defendant's claim, also raised in his supplemental pro se brief, that the admission of this testimony violated his right to confrontation pursuant to the Sixth Amendment of the United States Constitution is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hall*, 59 AD3d 564, 565 [2009]; *People v Crawford*, 54 AD3d 961, 962 [2008]; *People v Rush*, 44 AD3d 799, 800 [2007]; *People v Johnson*, 40 AD3d 1011, 1012 [2007]) and, in any event, is without merit, as the statement made by the defendant was not testimonial in nature (*see Crawford v Washington*, 541 US 36, 51 [2004]; *People v Rawlins*, 10 NY3d 136, 146-147 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]; *People v Medina*, 53 AD3d 1046, 1047 [2008]; *People v Bryant*, 27 AD3d 1124, 1126 [2006]; *People v Paul*, 25 AD3d 165, 169-170 [2005]). Dillon, J.P., Florio, Belen and Roman, JJ., concur.