■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH EDWARDS, Appellant. [891 NYS2d 661]—

The defendant failed to preserve for appellate review his contention that the trial court failed to properly admonish the jurors when it released them prior to their overnight recess (*see* CPL 270.40, 310.10 [2]; *People v Bonaparte,* 78 NY2d 26, 32 [1991]; *People v Williams,* 46 AD3d 585 [2007]; *People v Lumpkin,* 39 AD3d 671 [2007]; *People v Taylor,* 29 AD3d 713 [2006]). "Contrary to the defendant's contention, the failure to give an instruction pursuant to CPL 270.40 and 310.10 is not a mode of proceedings error that need not be preserved (*see People v Bonaparte,* 78 NY2d at 31 n; *People v Kelly,* 11 AD3d 133, 144 [2004], *affd* 5 NY3d 116 [2005]; *People v Jackson,* 230 AD2d 921 [1996]). In any event, although the court's admonishments to the jury were less than complete (*see* CJI2d [NY], Jury Separation During Deliberations . . . ), the defendant's contention

that the court's omission deprived him of due process is without merit since, considered in the aggregate, the court's admonishments to the jury during . . . and throughout the trial 'adequately conveyed to the jury its function, duties and conduct' (*People v Fleming,* 270 AD2d 498, 498 [2000])'' (*People v Williams,* 46 AD3d at 585-586).

Viewing counsel's representation of the defendant in its entirety, the defendant was afforded the effective assistance of counsel (*see People v Ellis,* 81 NY2d 854 [1993]; *People v Baldi,* 54 NY2d 137 [1981]; *People v Williams,* 46 AD3d at 586). Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.