■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BERMEJO, Appellant. [909 NYS2d 398]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered July 27, 2009, convicting him of forcible touching, assault in the third degree, and endangering the welfare of a child (five counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims that his rights pursuant to *Brady v Maryland* (373 US 83 [1963]) were violated are based entirely on matter dehors the record and, thus, cannot be reviewed by this Court on direct appeal (*see People v Helenese*, 75 AD3d 653, 655 [2010]; *People v Valdes*, 66 AD3d 925 [2009]; *People v Jackson*, 41 AD3d 498, 500 [2007]).

The Supreme Court correctly ruled at the *Molineux* hearing (*see People v Molineux*, 168 NY 264 [1901]) that evidence of the defendant's prior sexual conduct toward the complainant was admissible as evidence of the defendant's motive and intent and as background material, and was relevant to enable the factfinder to understand the defendant's relationship with the complainant (*see People v Hanson*, 30 AD3d 537, 538 [2006]; *People v Ramsey*, 1 AD3d 538 [2003]; *People v Howe*, 292 AD2d 542 [2002]; *People v Shorey*, 172 AD2d 634 [1991]). The defendant's contention that the People exceeded the scope of the

Supreme Court's *Molineux* ruling is unpreserved for appellate review and, in any event, is without merit (*see* CPL 470.05 [2]; *People v Dahlbender*, 23 AD3d 493, 495 [2005]; *People v Taylor*, 302 AD2d 480 [2003]; *People v Samlal*, 292 AD2d 400 [2002]; *People v Rowe*, 278 AD2d 256 [2000]; *People v Davis*, 169 AD2d 774, 775 [1991]).

To the extent that the defendant's claim that he was deprived of the effective assistance of counsel involves matter dehors the record, it cannot be reviewed on direct appeal (*see People v Evans*, 69 AD3d 649 [2010]). To the extent that the claim can be reviewed, the record reveals that defense counsel provided effective assistance (*see People v Henry*, 95 NY2d 563 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]). Fisher, J.P., Dillon, Florio and Lott, JJ., concur.