THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL GENYARD, Appellant. [923 NYS2d 883]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered September 17, 2007, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the prosecution gave the defendant "a reasonable time to exercise his right to appear as a witness" and testify before the grand jury (CPL 190.50 [5] [a]). The evidence in the record supports the Supreme Court's conclusions that the defendant was accorded a meaningful opportunity to consult with counsel and determine whether he would testify before the grand jury, and that his own dilatory actions were the cause of his failure to testify (*see People v Sawyer*, 96 NY2d 815, 816-817 [2001]; *People v Dunham*, 292 AD2d 269 [2002]; *People v Clark*, 267 AD2d 4 [1999]; *People v Savareese*, 258 AD2d 484, 484-485 [1999]). Accordingly, the defendant's motion to dismiss the indictment pursuant to CPL 190.50 was properly denied.

Contrary to the defendant's contention, raised in his pro se supplemental brief, the Supreme Court properly denied that branch of his second motion which was to dismiss the indictment pursuant to CPL 210.35 (5), in which he argued that perjured testimony impaired the integrity of the grand jury proceeding. The defendant failed to establish that the grand

jury testimony of a prosecution witness was perjured (*see People v Hansen*, 290 AD2d 47, 51-52 [2002], *affd* 99 NY2d 339 [2003]; *People v Bennett*, 244 AD2d 923, 925 [1997]; *People v Avilla*, 212 AD2d 800, 800-801 [1995]; *People v Mariani*, 203 AD2d 717, 719 [1994]; *cf. People v Pelchat*, 62 NY2d 97, 106-107 [1984]). Furthermore, the defendant's contention that the integrity of the grand jury proceeding was impaired by the failure of the prosecution to present certain exculpatory evidence is unpreserved for appellate review, as he did not identify the evidence in his motion papers (*see* CPL 470.05 [2]; *People v Bryan*, 50 AD3d 1049, 1050 [2008]). In any event, the defendant's contention is without merit, as the evidence in question was not entirely exculpatory and would not have materially influenced the grand jury's investigation (*see People v Bryan*, 50 AD3d at 1050; *People v Williams*, 298 AD2d 535 [2002]).

The defendant challenges the legal sufficiency of the evidence on the ground, raised in his pro se supplemental brief, that he did not act with intent to cause serious physical injury to the decedent and on the ground, raised in his main brief, that the testimony of a witness to whom the defendant made an admission of guilt was incredible as a matter of law. However, only the former ground is preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Basagoitia*, 55 AD3d 619, 620 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant waived his argument that the Supreme Court erred in permitting the prosecution to elicit evidence of uncharged crimes that he committed by expressly consenting to the Supreme Court's ruling in light of his intention to use the evidence on cross-examination of the prosecution's witnesses and by then using that evidence on cross-examination (*see People v Stalter*, 77 AD3d 776, 777 [2010]; *People v Grant*, 54 AD3d 967 [2008]; *People v Bryan*, 50 AD3d at 1050-1051). In

any event, the Supreme Court properly permitted the prosecution to introduce the uncharged crimes evidence because it provided necessary background in explaining the relationships among the individuals, completed the narrative of the episode, and was inextricably interwoven with the crime charged (*see People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Till*, 87 NY2d 835, 837 [1995]; *People v Vails*, 43 NY2d 364, 368 [1977]; *People v Dahlbender*, 23 AD3d 493, 494 [2005]; *People v Taylor*, 302 AD2d 480, 481 [2003]; *People v Samlal*, 292 AD2d 400 [2002]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.