■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY RIOS, Appellant. [946 NYS2d 499]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered August 26, 2010, convicting him of murder in the second degree, upon a jury verdict, and sentencing him to a term of imprisonment of 25 years to life, to run consecutively to a certain undischarged sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

The defendant's contention that he was deprived of his due process right to a fair trial by the admission of certain uncharged crime evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dahlbender*, 23 AD3d 493, 494 [2005]) and, in any event, without merit (*see generally People v*

*Till*, 87 NY2d 835, 836-837 [1995]; *People v Muniz*, 248 AD2d 644, 644-645 [1998]; *see also People v James*, 19 AD3d 616, 617 [2005]; *cf. People v Resek*, 3 NY3d 385, 390 [2004]; *People v Drake*, 94 AD3d 1506 [2012]; *People v Sayers*, 64 AD3d 728, 732 [2009]; *People v Foster*, 295 AD2d 110, 113 [2002]; *People v Bell*, 217 AD2d 585, 586 [1995]).

However, as the defendant contends and the People correctly concede, the defendant is entitled to be resentenced. In particular, certain remarks made by the Supreme Court during sentencing demonstrate that it incorrectly believed that it was required, as a matter of law, to direct that the defendant's sentence run consecutively to a certain undischarged sentence when in fact, under the circumstances, the Supreme Court had discretion to direct that the defendant's sentence run either concurrently with or consecutively to that undischarged sentence (*see* Penal Law § 70.25 [4]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for resentencing (*see People v Yant*, 223 AD2d 747, 747 [1996]; *People v Jeffries*, 166 AD2d 665, 666 [1990]). Skelos, J.P., Florio, Lott and Miller, JJ., concur.