—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered July 2, 2008, convicting him of attempted murder in the second degree, assault in the first degree, aggravated criminal contempt, criminal contempt in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of crimes including attempted murder in the second degree and assault in the first degree, arising from his assault on the complainant with a knife, during which the defendant stabbed the complainant in the neck and jaw. At trial, the defendant proffered a justification defense and testified that he stabbed the complainant in self-defense when she threatened him with a screwdriver.
With respect to the count of attempted murder in the second degree, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defendant’s justification defense and to prove every element of that crime, including the intent element, beyond a reasonable doubt (see Penal Law § 35.15). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the jury’s rejection of the justification defense and the verdict of guilt on the count of attempted murder in the second degree were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
With respect to the count of assault in the first degree, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defendant’s justification defense *1034 and to prove every element of that offense beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the count of assault in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Specifically, the evidence of the complainant’s stab wounds to the neck and jaw was sufficient to establish that she sustained “serious physical injury” (Penal Law §§ 10.00 [10]; 120.10 [1]).
The defendant’s contention that the length of the sentences imposed improperly penalized him for exercising his constitutional rights to a jury trial and to remain silent during his sentencing is unpreserved for appellate review (see People v Hurley, 75 NY2d 887 [1990]; People v Romero, 101 AD3d 906 [2012], lv denied 20 NY3d 1103 [2013]). In any event, the contention is without merit. “The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial” (People v Griffin, 98 AD3d 688, 690 [2012]; see People v Romero, 101 AD3d at 907). Here, a review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial and for remaining silent at his sentencing. Rather, in imposing sentence, the County Court properly considered factors including the defendant’s lack of remorse and the heinous nature of the crimes (see People v Garcia, 46 AD3d 573, 573-574 [2007]). Moreover, under these circumstances, the imposition of an aggregate term of imprisonment of 24 years was not excessive (see People v Crandall, 172 AD2d 618 [1991]; People v Suitte, 90 AD2d 80, 83 [1982]).
The defendant’s remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Angiolillo, J.P., Chambers, Hall and Roman, JJ., concur.