■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PRINCE, Appellant. [10 NYS3d 146]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered June 29, 2011, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgement is affirmed.

The defendant failed to preserve for appellate review his contention that the admission of the testimony of a detective, inter alia, recounting his conversation with the defendant's wife, a nontestifying witness, violated the defendant's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution (*see* US Const 6th Amend; *People v Kelly*, 58 AD3d 868 [2009]). The defendant did not object to the testimony on those specific grounds; he raised only a hearsay objection to this testimony (*see People v Speaks*, 124 AD3d 689 [2015], *lv granted* 24 NY3d 1222 [2015]; *People v Johnson*, 40 AD3d 1011, 1012 [2007]; *People v Moreno*, 303 AD2d 424 [2003]). In any event, the testimony "was properly admitted for the relevant, nonhearsay purpose of 'establishing the reasons behind the detective's actions, and to complete the narrative of events leading to the defendant's arrest' " (*People v Speaks*, 124 AD3d at 691, quoting *People v Ragsdale*, 68 AD3d 897, 897-898 [2009]; *see People v Reynoso*, 2 NY3d 820, 821 [2004]; *People v Tosca*, 98 NY2d 660 [2002]). In this regard, the trial court properly instructed the jury on the limited purpose of this testimony and that the testimony was not admitted for its truth (*see People v Tosca*, 98 NY2d at 661; *People v Johnson*, 40 AD3d at 1012).

The defendant failed to preserve for appellate review his contention that the trial court failed to sufficiently admonish the jurors throughout the course of the trial (*see People v Baksh*, 43 AD3d 1072, 1074 [2007]) and during deliberations (*see*

*People v Edwards*, 69 AD3d 755 [2010]; *People v Martin*, 60 AD3d 871 [2009]; *People v Williams*, 46 AD3d 585 [2007]). The failure to give an instruction pursuant to CPL 270.40 and 310.10 is not a mode of proceedings error and, hence, must be preserved for appellate review by a timely objection (*see People v Kelly*, 16 NY3d 803, 804 [2011]; *People v Edwards*, 69 AD3d at 755). In any event, the contention is without merit. The court's frequent admonitions to the jury during its preliminary instructions and throughout the trial were adequate. Contrary to the defendant's contention, CPL 310.10 (2) is not applicable (*see People v Williams*, 46 AD3d at 585).

The defendant waived his contention that he was deprived of his statutory and constitutional rights to a trial by a jury of his peers when the trial court discharged sworn jurors numbers 1 and 10 pursuant to CPL 270.35, as both the defendant and his trial counsel expressly consented to the discharge (*see People v Ortiz*, 92 NY2d 955, 957 [1998]; *People v Adonis*, 119 AD3d 700, 701 [2014]). The defendant's contention that his waiver was not knowing, intelligent, and voluntary is unsupported by the record (*cf. People v Canales*, 121 AD3d 14, 17 [2014]).

Contrary to the defendant's contention, the record "reveals strategic or legitimate explanations for the alleged instances of ineffective assistance" by the defendant's trial counsel (*People v Nash*, 52 AD3d 739, 739 [2008]).

The defendant's contention that the sentence imposed by the sentencing court punished him for exercising his right to a jury trial rather than accepting a plea offer is unpreserved for appellate review, as it was not raised before the sentencing court (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Seymore*, 106 AD3d 1033, 1034 [2013]). In any event, review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial (*see People v Seymore*, 106 AD3d at 1034; *People v Hernandez*, 44 AD3d 684, 685 [2007]). Rather, the court relied upon the appropriate factors in sentencing the defendant to a higher sentence than that which was offered during plea negotiations (*see People v Hudyih*, 60 AD3d 1084, 1085 [2009]; *People v Herrera*, 16 AD3d 699, 699-700 [2005]). The defendant has failed to establish the existence of any "extraordinary circumstances that would warrant disturbing the sentence imposed" in the interest of justice (*People v Bussey*, 67 AD3d 819, 820 [2009]). Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.