■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RODRIGUEZ, Appellant. [20 NYS3d 93]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Camacho, J.), rendered April 17, 2012, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At the defendant's arraignment on a felony complaint with respect to the instant charges involving robbery, his codefend-

ant's attorney noted that the codefendant had made a statement to a police detective in which he claimed that the defendant went with the codefendant to buy a sign from the victim, the codefendant and the victim engaged in a knife fight, and the defendant tried to break up the fight. The defendant's attorney noted that the defendant was wounded in the confrontation and required "extensive medical attention."

Prior to his indictment, the defendant was offered a plea agreement whereby he would plead guilty to robbery in the second degree in exchange for a promised sentence of seven years in prison. After he was indicted, inter alia, for robbery in the first degree, the offer was withdrawn, and the defendant pleaded guilty to robbery in the first degree in exchange for a promised sentence of the statutory minimum of 10 years in prison (*see* Penal Law § 70.04 [3]) plus five years of postrelease supervision (*see* Penal Law § 70.45 [2]). The defendant requested a hearing on the issue of whether he received the ineffective assistance of counsel, claiming his former attorney was ineffective for advising him to reject the pre-indictment offer. The Supreme Court denied the defendant's request.

On appeal, the defendant contends that the Supreme Court erred in rejecting his claim of ineffective assistance without a hearing. The question in this case is whether the strategic decision to wait and see how the case progressed before accepting a plea offer was "consistent with strategic decisions of a 'reasonably competent attorney'" (*People v Oathout*, 21 NY3d 127, 132 [2013], quoting *People v Benevento*, 91 NY2d 708, 712 [1998]; *see People v Nicelli*, 121 AD3d 1129, 1130 [2014]). Here, the defendant proffered a possible defense that his codefendant was responsible for the crime, and the defendant merely tried to defuse the confrontation, resulting in injury to himself. Under the circumstances, contrary to the defendant's contention, the record reveals that there were strategic or legitimate explanations for the alleged instance of ineffective assistance by the defendant's counsel (*see People v Prince*, 128 AD3d 987, 988 [2015]; *People v Nash*, 52 AD3d 739, 739 [2008]).

Accordingly, the Supreme Court properly rejected the defendant's claim of ineffective assistance of counsel without a hearing. Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.