■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOT MAY, Appellant. [30 NYS3d 262]—Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered August 10, 2010, convicting him of burglary in the first degree (two counts), assault in the first degree, and attempted bribery of a witness (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the integrity of the grand jury proceeding was impaired by the failure of the prosecution to present certain exculpatory evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Brown*, 81 NY2d 798, 799 [1993]; *People v Genyard*, 84 AD3d 1398, 1399 [2011]). In any event, the contention is without merit. The prosecution was under no obligation to present the evidence in question as it was not entirely exculpatory and would not have materially influenced the grand jury's investigation (*see People v Genyard*, 84 AD3d at 1399; *People v Bryan*, 50 AD3d 1049, 1050 [2008]).

The County Court properly refused to preclude the defendant's January 9, 2008, oral statement to the police pursuant to CPL 710.30 (3). Contrary to the defendant's contention, the notice of intention to use the statement at trial that the People served at the time of the defendant's arraignment on a superseding indictment met the requirements of the statute (*see People v Roberts*, 110 AD3d 1466, 1467 [2013]; *People v Littlejohn*, 184 AD2d 790, 791 [1992]).

The defendant's contention that the verdict was repugnant is

unpreserved for appellate review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Satloff*, 56 NY2d 745, 746 [1982]) and, in any event, without merit (*see People v DeLee*, 24 NY3d 603, 608 [2014]; *People v Muhammad*, 17 NY3d 532, 539-540 [2011]).

The defendant's contention that the County Court failed to sufficiently admonish the jurors throughout the course of the trial and during deliberations (*see* CPL 270.40, 310.10 [2]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Prince*, 128 AD3d 987, 987-988 [2015]; *People v Edwards*, 69 AD3d 755 [2010]). In any event, the contention is without merit, as the court's preliminary instructions and frequent admonitions throughout the trial and before each recess during deliberations, taken together, "adequately conveyed to the jury its function, duties and conduct" (*People v Edwards*, 69 AD3d at 756 [internal quotation marks omitted]; *see People v Martin*, 60 AD3d 871, 872 [2009]; *People v Williams*, 46 AD3d 585, 586 [2007]; *People v Payton*, 31 AD3d 580, 581 [2006]; *People v Fleming*, 270 AD2d 498 [2000]).

The defendant's contention that the evidence was legally insufficient to support his convictions of burglary in the first degree (two counts) and assault in the first degree because the prosecution failed to establish his identity as one of the perpetrators is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his identity as one of the perpetrators (*see People v Smith*, 135 AD3d 970 [2016]; *People v Gilocompo*, 125 AD3d 1000, 1001 [2015]; *People v Delgado*, 109 AD3d 483 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict on these charges was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contentions regarding certain comments made by the prosecutor in summation are unpreserved for appellate review, as he either failed to timely object or made only a general objection to the challenged comments (*see* CPL 470.05 [2]; *People v Wallace*, 123 AD3d 1151, 1152 [2014]; *People v Rodney*, 96 AD3d 880 [2012]). In any event, the challenged

comments were either not improper (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]), or not so flagrant or pervasive as to deny the defendant a fair trial (*see People v Wallace*, 123 AD3d at 1152).

The defendant failed to show that he was deprived of a fair trial by receiving less than meaningful representation (*see People v Hobot*, 84 NY2d 1021, 1022 [1995]; *People v Haywood*, 124 AD3d 798, 801 [2015]).

The County Court improvidently exercised its discretion in denying the defendant's application to introduce an affidavit of his private investigator at a suppression hearing, since defense counsel's representation as to the statements the affidavit contained indicated that it would be noncumulative and material to the issue of the suggestiveness of the police identification procedure in question (*cf. People v Taylor*, 80 NY2d 1, 15 [1992]; *People v Burkett*, 98 AD3d 746, 747 [2012]; *People v White*, 79 AD3d 1460, 1461 [2010]; *People v Fowler*, 61 AD3d 698 [2009]). However, the court did afford defense counsel the opportunity to cross-examine the police witness who conducted the identification procedure concerning the relevant allegations in the affidavit. Therefore, under the circumstances of this case, reversal is not required since the defendant was not prejudiced by the error (*see People v Medina*, 249 AD2d 166, 167 [1998]).

The defendant's challenge to the County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is unpreserved for appellate review (*see People v Veras*, 134 AD3d 963 [2015]; *People v Rodriguez*, 132 AD3d 781, 784 [2015]) and, in any event, without merit (*see People v DeJesus*, 135 AD3d 872 [2016]; *People v Festus*, 133 AD3d 876, 877 [2015]; *People v Quezada*, 116 AD3d 796 [2014]).

The defendant's contention that the County Court's limitation of his cross-examination of certain prosecution witnesses deprived him of his right to present a defense is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Caldwell*, 115 AD3d 870 [2014]). In any event, the court's limitation was a provident exercise of discretion (*see People v Cruz*, 131 AD3d 706, 707 [2015]; *People v Caldwell*, 115 AD3d at 870; *People v Pena*, 113 AD3d 701, 702 [2014]).

The defendant's contention that the County Court erred in overruling his objection to a certain remark made by the prosecutor in her opening statement is without merit. The challenged remark was not improper, since it served to introduce the People's theory of the case and was consistent with the evidence they proceeded to present (*see People v Wallace*, 123 AD3d at 1152).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contentions, raised in his pro se supplemental brief, regarding his sentencing as a persistent violent felony offender and the admission of alleged hearsay testimony are without merit, and his remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Hall, J.P., Roman, LaSalle and Barros, JJ., concur.