People v Tomlinson (2019 NY Slip Op 06005)





People v Tomlinson


2019 NY Slip Op 06005


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-10075
 (Ind. No. 1402/16)

[*1]The People of the State of New York, respondent,
v
Quanne Tomlinson, appellant.


Patrick Michael Megaro, Forest Hills, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Hilda Mortensen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered August 24, 2017, convicting him of criminal contempt in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of the defendant's Batson challenge (see Batson v Kentucky, 476 US 79). The defendant failed to establish that the race-neutral reasons proffered for the peremptory challenges at issue were pretextual (see People v Smocum, 99 NY2d 418, 422-423; People v Francis, 155 AD3d 1059, 1061; People v Ball, 11 AD3d 904, 905; People v Santos, 286 AD2d 449, 450).
The defendant's contentions that he was deprived of his due process right to a fair trial by the admission of uncharged crime evidence and that the Supreme Court erred in not issuing a limiting instruction to the jury regarding the use of that evidence are unpreserved for appellate review (see CPL 470.05[2]; People v Anselmo, 164 AD3d 1462, 1463; People v Rivera, 116 AD3d 986, 987; People v Rios, 96 AD3d 978; People v Torres, 96 AD3d 881, 881-882). In any event, we agree with the court's determination to admit the contested evidence. The evidence was inextricably interwoven with the narrative of events leading up to the defendant's arrest and provided necessary background information (see People v Johnson, 137 AD3d 811, 813; People v Genyard, 84 AD3d 1398, 1400; People v Thomas, 12 AD3d 383, 384; People v Samlal, 292 AD2d 400; People v Desir, 285 AD2d 655). Further, the probative value of the evidence outweighed the risk of prejudice to the defendant (see People v Alvino, 71 NY2d 233, 242; People v Wright, 160 AD3d 667, 668).
The defendant's contention that the prosecution's late disclosure of certain evidence, which the defendant claims constituted a violation of People v Rosario (9 NY2d 286), warranted the preclusion of testimony pertaining to that material is unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant failed to demonstrate that he was substantially prejudiced by the late disclosure and, thus, reversal is not warranted (see People v Martinez, 71 NY2d 937, 940; People v Fermin, 150 AD3d 876, 878-879; People v Smalls, 145 AD3d 802; People v Page, 296 AD2d 427; People v Atkinson, 249 AD2d 317).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Bleakley, 69 NY2d 490). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court