People v Martinez (2021 NY Slip Op 05591)





People v Martinez


2021 NY Slip Op 05591


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-06406
 (Ind. No. 9840/16)

[*1]The People of the State of New York, respondent,
v
Jose Martinez, appellant.


Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered February 7, 2018, convicting him of attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree (two counts), assault in the second degree, and attempted assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's claim that the evidence was legally insufficient to establish his identity as the shooter is preserved for appellate review (see CPL 470.05[2]). However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the shooter to support his convictions beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the grand jury proceeding was impaired by the false testimony of the complainant regarding the identity of the shooter is without merit. The defendant failed to establish that the complainant's grand jury testimony was perjured (see People v Genyard, 84 AD3d 1398, 1399; cf. People v Pelchat, 62 NY2d 97).
As the People correctly concede, the defendant's federal constitutional right against unreasonable searches and seizures (see US Const Amend IV) was violated when the People obtained his historical cell site location information (hereinafter CSLI) without first obtaining a warrant (see Carpenter v United States, ____ US ____, ____, 138 S Ct 2206, 2221); People v Taylor, 172 AD3d 1110). Nevertheless, any error in the admission of the defendant's CSLI records was harmless, because the evidence of the defendant's guilt was overwhelming, and there was no reasonable possibility that the error might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230; People v Taylor, 172 AD3d at 1111).
The defendant's contention relating to the People's summation comments is [*2]unpreserved for appellate review and, in any event, without merit. The defendant's remaining contentions do not require reversal.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court