■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN ACK, Appellant. [741 NYS2d 437] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 22, 1999, as amended April 29, 1999, convicting him of rape in the first degree, rape in the third degree, sexual abuse in the first degree (two counts), unlawful imprisonment in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant's argument that the trial court erred in precluding evidence that the complainant had a venereal disease at the time of the rape is unpreserved for appellate review (see CPL 470.05 [2]; People v Balls, 69 NY2d 641, 642). In any event, such evidence, as well as evidence that stains on the complainant's inner clothing contained a mixture of DNA evi-

dence from other males, was irrelevant in light of the fact that the prosecutor did not attempt to prove that the defendant was the cause of the venereal disease, or the source of those stains (*see People v Garcià,* 194 AD2d 554, 555; *People v Swain,* 171 AD2d 765, 766-767). Accordingly, we agree with the trial court's determination that the rape shield law precluded that evidence because it served solely to harass the victim and confuse the jurors (*see* CPL 60.42; *People v Williams,* 81 NY2d 303, 312; *People v Crawford,* 143 AD2d 141, 142).

The sentence imposed was not excessive (*see People v Byers,* 254 AD2d 494, 494-495; *People v Suitte,* 90 AD2d 80, 85).

The defendant's remaining contentions are either without merit or do not require reversal. Santucci, J.P., Altman, Townes and Crane, JJ., concur.