■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COPELAND, Also Known as COPELAND RICHARDS, Defendant-Appellant. [782 NYS2d 245]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered October 19, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him to concurrent terms of 2 to 6 years and 1 to 3 years, unanimously affirmed.

Early in deliberations, an alternate juror was lawfully substituted with defendant's consent for a juror who could not continue. Without objection, the court instructed the jury to "resume" deliberations, which, defendant presently contends, was error in that the jury was not instructed to recommence deliberations anew. The error, if any, did not fall within the "very narrow category of so-called 'mode of proceedings' errors" (*People v Agramonte*, 87 NY2d 765, 770 [1996]). The court's phrasing of its instruction cannot be said to have gone "to the essential validity of the proceedings conducted below" so that the "entire trial [was] irreparably tainted" (*People v Patterson*, 39 NY2d 288, 296 [1976], *affd* 432 US 197 [1977]; *cf. People v Andujar*, 228 AD2d 194 [1996], *lv denied* 89 NY2d 862 [1996]; *People v Rios*, 215 AD2d 509 [1995], *lv denied* 86 NY2d 801 [1995]). We decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would conclude that even if the court should have told the jury to recommence deliberations anew, there was no possibility of prejudice because the duration of the deliberations that took place

prior to the substitution of the alternate was relatively brief, when compared to the lengthy deliberations that occurred thereafter. Concur—Nardelli, J.P., Andrias, Ellerin, Gonzalez and Catterson, JJ.