■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD THOMAS, Appellant. [834 NYS2d 176]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered March 2, 2005, convicting defendant, after a jury trial, of three counts of criminal sexual act in the first degree, and sentencing him to concurrent terms of five years, unanimously affirmed.

The court properly excluded evidence that an amylase stain found on the victim's underwear contained DNA from an unidentified man other than defendant. There was no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]) because, given the manner in which the crime was committed, the proffered evidence was irrelevant to even suggest the possibility that a third party was the perpetrator. Regardless of whether the general reliability and credibility of the victim's testimony was at issue, it was undisputed that the victim's underwear had been removed prior to the sexual attack and that she never put it back on. Therefore, the other man's amylase could only have been deposited on the victim's underwear at some time prior to the instant crime.

We reject defendant's argument that *Holmes v South Carolina* (547 US 319 [2006]) requires a different result. *Holmes* found constitutional error in a state court's discretionary exclusion of probative exculpatory evidence. The state court decision had been predicated on the court's own assessment, rather than a jury's finding, of the relative strength of the evidence establishing the defendant's guilt. Unlike the situation in *Holmes*, here the court did not exclude the proffered evidence on the basis of the strength of the People's case. By contrast, the court made a very different kind of ruling, which was a determination that there was no evidentiary nexus between this evidence and the sex crime at issue (*cf. People v Schulz*, 4 NY3d 521, 528-529 [2005]). In doing so, it relied on undisputed facts about the crime that eliminated any possibility that the perpetrator could have left his DNA in the victim's underwear. We find nothing in *Holmes* that affects a trial court's traditional

role in deciding preliminary issues of fact (*see* Prince, Richardson on Evidence § 1-303 [Farrell 11th ed]) that may affect the admissibility of the evidence to be presented to a jury.

The court also correctly ruled that this evidence was precluded by the Rape Shield Law (CPL 60.42), and we reject defendant's arguments to the contrary. As noted, this evidence established nothing more than sexual conduct by the victim on some occasion other than the incident in question. None of the exceptions in the statute apply, including the "interests of justice" provision (CPL 60.42 [5]). Concur—Marlow, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.