The court properly granted the People's challenge for cause to a prospective juror (*see People v Williams*, 63 NY2d 882, 885 [1984]). The trial court's ability to observe demeanor is entitled to deference. The panelist's responses revealed "opinions reflecting a state of mind likely to preclude impartial service" (*People v Johnson*, 94 NY2d 600, 614 [2000]), and she ultimately was unable to give an unequivocal assurance of impartiality. Her responses, viewed as a whole, evinced a serious difficulty with following the law relating to one-witness identification cases.

Where there is any doubt, the court should err on the side of disqualification because "the worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror" (*People v Culhane*, 33 NY2d 90, 108 n 3 [1973]). Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.

■ The People of the State of New York, Respondent, v Eddie Delgado, Appellant. [932 NYS2d 20]—

Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.

■ The Education Resources Institute, Inc., Respondent, v Frederick Hawkins, Appellant. [931 NYS2d 11]—