■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PEOPLES, Appellant. [4 NYS3d 309]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered May 9, 2013, convicting him of grand larceny in the fourth degree (three counts), criminal possession of stolen property in the fourth degree (two counts), petit larceny (four counts), identity theft in the third degree, and jostling, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's right to be present at all material stages of trial was not violated by his absence from an in camera interview with a sworn juror, conducted in the presence of the prosecutor and defense counsel, to determine whether that sworn juror was grossly unqualified to serve (*see* CPL 270.35 [1]). A defendant's statutory right to be present at trial (*see* CPL 260.20) "extends to all material stages of the trial, including ancillary proceedings in which defendant['s] presence could have 'a substantial effect on [his or her] ability to defend against the charges' " (*People v Velasquez*, 1 NY3d 44, 47 [2003], quoting *People v Sloan*, 79 NY2d 386, 392 [1992]). A conference to determine whether a sworn juror should be excluded (*see* CPL 270.35) is an ancillary proceeding, at which the defendant's presence is "only necessary 'where defendant has something valuable to contribute' " (*People v Harris*, 99 NY2d 202, 212 [2002], quoting *People v Morales*, 80 NY2d 450, 456 [1992]).

Under the circumstances presented here, the defendant's presence at the conference could not have had a substantial effect on his ability to defend the charges, and the defendant could not have made a valuable contribution to the conference (*see People v Velasquez*, 1 NY3d at 47; *People v Harris*, 99 NY2d at 212). Thus, the defendant's right to be present was not violated by his absence from the conference (*see People v Harris*, 99 NY2d at 202; *People v Peters*, 69 AD3d 765, 766 [2010]; *People v Oakes*, 57 AD3d 1425, 1426 [2008]; *People v Williams*, 52 AD3d 94, 97 [2008]; *People v Rodriguez*, 2 AD3d 296, 298 [2003], *affd* 3 NY3d 462 [2004]).

The Supreme Court providently exercised its discretion in sentencing the defendant as a persistent felony offender (*see* Penal Law § 70.10 [2]). The court's conclusion that the nature of the defendant's conduct in the instant matter, his criminal history, and his character warranted extended incarceration

and lifetime supervision is supported by the record (*see People v Dixon*, 107 AD3d 735, 736 [2013]; *People v Bazemore*, 100 AD3d 915 [2012]; *People v Maxwell*, 22 AD3d 607 [2005]). Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.