THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SMITH, Appellant. [25 NYS3d 178]—

Judgment, Supreme Court, Bronx County (Ruth E. Smith, J.), rendered December 13, 2010, convicting defendant, after a jury trial, of rape in the first degree, and sentencing him to a prison term of 15 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

Defendant's acquittal of other charges does not warrant a

different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]). Defendant's argument regarding the sufficiency of his written consent to replacement of a juror with an alternate during deliberations is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we conclude that since defense counsel noted that he conferred with defendant, since the court confirmed that defendant consented to the replacement and had an opportunity to discuss the issue with counsel, and since the court obtained defendant's written signature on the consent form in open court, the inadvertent failure to circle "consent," or cross out "do not consent" on a line reading "consent/do not consent" does not amount to a mode of proceedings error (CPL 270.35 [1]; *compare People v Page*, 88 NY2d 1 [1996] [lack of any writing]). This trivial oversight did not violate the requirement of written consent to replacement of a deliberating juror (*see* NY Const, art I, § 2; CPL 270.35 [1]; *People v Ryan*, 19 NY2d 100, 104-105 [1966]). The form plainly constituted written consent; the surplus "do not consent" language was meaningless, given that the form would serve no purpose where a defendant did *not* consent.

Defendant's challenge to the court's instruction to the jury following the substitution is likewise unpreserved. As an alternative holding, we find no basis for reversal (*see People v Copeland*, 10 AD3d 588 [1st Dept 2004], *lv denied* 4 NY3d 743 [2004]).

The court properly granted two challenges for cause by the People. Both panelists' answers revealed "opinions reflecting a state of mind likely to preclude impartial service" (*People v Johnson*, 94 NY2d 600, 614 [2000]), and their statements as a whole never established unequivocal assurances of impartiality (*see e.g. People v Acosta*, 88 AD3d 483 [1st Dept 2011], *lv denied* 19 NY3d 861 [2012]). "It is almost always wise . . . to err on the side of disqualification" because "the worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror" (*People v Culhane*, 33 NY2d 90, 108 n 3 [1973]).

Based on our review of the victim's psychiatric records, we find that the trial court properly inspected them in camera and correctly concluded that they were irrevelant. There was no reasonable possibility the withheld materials could have led to an acquittal (*see People v McCray*, 23 NY3d 193, 198 [2014]; *People v Gissendanner*, 48 NY2d 543, 550 [1979]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Friedman, Sweeny and Manzanet-Daniels, JJ.