People v Hubsher (2019 NY Slip Op 07416)





People v Hubsher


2019 NY Slip Op 07416


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-08481
 (Ind. No. 2049/12)

[*1]The People of the State of New York, respondent,
v
Marshall Hubsher, appellant.


Gerstman Schwartz LLP, Garden City, NY (David M. Schwartz of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley, Jason R. Richards, and Brian Witthuhn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), rendered July 8, 2016, convicting him of rape in the third degree and criminal sexual act in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of rape in the third degree and criminal sexual act in the third degree (see Penal Law §§ 130.05[3][h]; 130.25[1]; 130.40[1]) beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's argument that the Penal Law sections with which he was charged are unconstitutionally vague on their face is unpreserved for appellate review (see CPL 470.05[2]). In any event, contrary to the defendant's contention, Penal Law § 130.05(3)(h) is not unconstitutionally vague, as "the statute provides the defendant with adequate notice and the police with clear criteria" for enforcement (People v Stuart, 100 NY2d 412, 422; see People v Stephens, 28 NY3d 307, 314-315).
The prosecutor's failure to present certain evidence to the grand jury as exculpatory evidence did not warrant dismissal of the indictment (see People v Mitchell, 82 NY2d 509, 515; People v May, 138 AD3d 1024, 1024; People v Geynard, 84 AD3d 1398, 1399). The prosecutor was under no obligation to present that evidence, since it was not entirely exculpatory and would not have materially influenced the grand jury's investigation (see People v May, 138 AD3d at 1024; People v Geynard, 84 AD3d at 1399; People v Williams, 298 AD2d 535, 535).
The defendant's contention that the late disclosure of the complainant's text messages constituted a Brady violation (see Brady v Maryland, 373 US 83) is unpreserved for appellate review and, in any event, without merit. The text messages were disclosed to the defendant in February 2015, more than one year before the trial began in March 2016, and those text messages were used by defense counsel to cross-examine the complainant during trial. There is no indication that any delay in disclosure of the text messages prejudiced the defense such that there was "a reasonable possibility that the outcome of the trial would have differed had the evidence been produced" at an [*2]earlier time (People v Scott, 88 NY2d 888, 891; see People v Tripp, 162 AD3d 691, 692-693; People v Belgrave, 51 AD3d 939; People v Alvarez, 44 AD3d 562, 563). The People's failure to disclose the text messages in unredacted form, so as to show the identities of the individuals with whom the complainant was corresponding, did not violate Brady. The defendant failed to demonstrate that the identities of those individuals were exculpatory or impeaching, and that their testimony would have been admissible (see People v Pabon, 28 NY3d 147, 157; People v Guay, 18 NY3d 16, 24; People v Russell, 165 AD2d 327, 332, affd 79 NY2d 1024; see generally People v Nieves, 67 NY2d 125, 131) and relevant (see People v Alvarez, 44 AD3d at 564), given that the crimes with which the defendant was charged were premised upon the complainant's incapacity to consent to the sexual acts that occurred (see Penal Law §§ 130.05[3][h]; 130.25[1]; 130.40[1]).
The defendant's contentions that the Supreme Court improperly instructed prospective jurors during jury selection regarding the substance of the charges against him and exacerbated misstatements of the law by the prosecutor are unpreserved for appellate review, since he did not object to the court's initial instructions to prospective jurors or its response to a statement to them by the prosecutor (see People v Harper, 7 NY3d 882, 882-883; People v Wallace, 123 AD3d 1151, 1152; People v Pilgrim, 100 AD3d 932). In any event, those contentions are without merit, as the court repeatedly advised prospective jurors that it would instruct them on the law at the conclusion of the case (see People v Wallace, 123 AD3d at 1152; People v Ambers, 115 AD3d 671, 672, affd 26 NY3d 313; People v Pilgrim, 100 AD3d at 932; People v Din, 62 AD3d 1023, 1024).
We agree with the Supreme Court's determination to preclude the introduction of certain DNA evidence at trial. Introducing evidence of additional DNA donors not linked to the defendant for the purpose of demonstrating the complainant's sexual history with persons other than the defendant falls "squarely within the ambit of the Rape Shield Law, which generally prohibits [e]vidence of a victim's sexual conduct' in a prosecution for a sex offense under Penal Law article 130 (CPL 60.42) because such evidence . . . serves only to harass the alleged victim and confuse the jurors'" (People v Halter, 19 NY3d 1046, 1049, quoting People v Scott, 16 NY3d 589, 594; see People v Serrano-Gonzales, 146 AD3d 1013, 1016). Moreover, the evidence sought to be admitted was not relevant to any defense (see People v Thomas, 40 AD3d 232, 232; People v Ack, 293 AD2d 753, 753-754). Contrary to the defendant's contention, introducing the evidence through a witness other than the complainant does not render the Rape Shield Law inapplicable (see CPL 60.42).
The defendant's contentions that the prosecutor mischaracterized the testimony of the defendant's expert and inaccurately and incompletely described the relevant law during her summation are unpreserved for appellate review, since the defendant did not object to the now-challenged remarks, request curative instructions, or move for a mistrial on these grounds (see CPL 470.05[2]; People v Sukhu, 157 AD3d 973, 974; People v Negron, 150 AD3d 764, 765; People v Owens, 129 AD3d 995, 996). In any event, the prosecutor's remarks constituted fair comment on the evidence presented or fair response to the defendant's summation, or otherwise did not deprive the defendant of a fair trial (see People v Kaval, 154 AD3d 875, 876; People v Barnes, 33 AD3d 811, 812). Further, the prosecutor did not misstate the law (see People v Kennedy, 69 AD3d 881, 883).
The defendant contends that his right to be present at all material stages of the trial was violated when, in his absence, the Supreme Court questioned a sworn juror concerning her ability to continue to serve. This contention is unpreserved for appellate review, as neither the defendant nor defense counsel raised any objection to the defendant's absence during the conference (see People v Garay, 25 NY3d 62, 67-68). In any event, a conference to determine whether a sworn juror is fit to continue serving is an ancillary proceeding (see People v Harris, 99 NY2d 202, 212; People v Peoples, 126 AD3d 919, 920), and the defendant failed to establish that his presence at the conference could have had a substantial effect on his ability to defend against the charges or that he could have made a valuable contribution to the conference (see People v Velasquez, 1 NY3d 44, 47; People v Harris, 99 NY2d at 212; People v Peoples, 126 AD3d at 920). Thus, his right to be present at all material stages of the trial was not violated by his absence from the conference with the sworn juror (see People v Harris, 99 NY2d at 212; People v Peoples, 126 AD3d at 920). Contrary to the defendant's contention, the court did not give the juror any instruction, guidance, or clarification concerning any "substantive legal or factual issues of the trial" which would have required the defendant's presence (People v Harris, 76 NY2d 810, 812).
The defendant's contention that the discharge of a deliberating juror was improper [*3]was waived, since the defendant expressly consented to the discharge (see People v Gordon-Patterson, 170 AD3d 1037, 1038; People v Prince, 128 AD3d 987, 988; People v Adonis, 119 AD3d 700, 701). In addition, the defendant consented in writing in open court in the presence of the Supreme Court to the substitution of an alternate juror for the discharged juror in accordance with CPL 270.35(1), which served to waive any objection to the substitution (see People v Gajadhar, 9 NY3d 438, 448; People v Woods, 238 AD2d 144, 144). The record reflects that the defendant's consent was knowing, intelligent, and voluntary (see People v Gajadhar, 9 NY3d at 448). Although it would have been a better practice for the court to instruct the jury to begin deliberations anew following the substitution, there was no possibility of prejudice as a result of the court's instructions to the jury at that time (see People v Smith, 136 AD3d 532, 533; People v Copeland, 10 AD3d 588, 588-589).
The Supreme Court's instructions to the jurors upon receiving a note indicating that they were unable to reach a unanimous verdict were not improper (see People v Morgan, 28 NY3d 516, 522; People v Pagan, 45 NY2d 725, 727; People v Smith, 135 AD3d 970, 971).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court