People v Nieto (2023 NY Slip Op 02893)

People v Nieto

2023 NY Slip Op 02893

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2017-09131
 (Ind. No. 215/15)

[*1]The People of the State of New York, respondent,
v
Daniel Nieto, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered July 27, 2017, convicting him of criminal sexual act in the first degree and sexual abuse in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 15 years, to be followed by a period of postrelease supervision of 10 years, on the conviction of criminal sexual act in the first degree, to run concurrently with a determinate term of imprisonment of 5 years, to be followed by a period of postrelease supervision of 3 years, on the conviction of sexual abuse in the first degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of criminal sexual act in the first degree from a determinate term of imprisonment of 15 years, to be followed by a period of postrelease supervision of 10 years, to a determinate term of imprisonment of 10 years, to be followed by a period of postrelease supervision of 5 years; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the trial court properly granted the People's challenge for cause to a prospective juror who demonstrated a "disinclination to render a guilty verdict in the absence of testimony" from more than one witness (People v White, 213 AD2d 507, 508; see People v Acosta, 88 AD3d 483) and was unable to give "unequivocal assurance[s]" that he could follow the law (People v Acosta, 88 AD3d at 484).
Further, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was excessive to the extent indicated.
The defendant's remaining contentions are without merit.
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court